**COOPER et al. v. FIREMEN'S INS. CO. OF NEWARK, N. J.**

**No. 9957.**

Circuit Court of Appeals, Sixth Circuit.

April 13, 1945.

Clifford O'Sullivan and Wm. R. Walsh, both of Port Huron, Mich. (Walsh, Walsh, O'Sullivan & Schlee, of Port Huron, Mich., on the brief), for appellants.

Chris M. Youngjohn, of Detroit, Mich. (Butzel, Levin & Winston, of Detroit, Mich., and Clausen, Hirsh & Miller and Donald N. Clausen, all of Chicago, Ill., on the brief), for appellee.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

PER CURIAM.

The appellant sued upon a fire insurance policy issued by the appellee on the White Block, a five-story office building in Port Huron, Michigan, which was completely destroyed by fire. The policy was in the sum of $24,000, but in preparing proof of loss the attorney for the appellant inserted in the place calling for a statement of "sound value," the figures for reproduction cost prepared by a qualified architect and furnished to him by the appellant. The architect had estimate reproduction cost at $247,960.50. The appellant's attorney was a lawyer of fifty years' experience and excellent reputation, and testified that he was of the opinion that the request for a statement of "sound value" was fully met by a statement of reproduction cost.

The defense was that the destroyed building had a "sound value" far less than the face of the policy, and that the policy became void by reason of the misrepresentation of "sound value" in the proof of loss by virtue of a clause in the policy which provided: "This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or, in the case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after a loss."

The statement of "sound value" in the proof of loss was undoubtedly false. No witness supported this valuation, and the highest value put upon the building by the appellant was $30,000. The court directed a verdict for the defendant on the ground that the only reasonable inference to be drawn from the misleading statement of "sound value" was that by an exaggerated statement of such value the appellee would be deceived and be misled to its injury to promptly pay the appellant the face value of the policy. There is no proof that the appellee was misled, and all witnesses have agreed that the figures in the proof of loss were entirely fantastic and so unreasonable as not to deceive anyone as to true value.

It is the law of Michigan that in order to void a policy for fraud or false swearing the false swearing must have been done with an actual intent to defraud the insurer. Bernadich v. Bernadich, 287 Mich. 137, 144, 283 N.W. 5; Alma State Savings Bank v. Springfield Fire & Marine Ins. Co., 268 Mich. 631, 634, 256 N.W. 573; Perkins v. Century Ins. Co., 303 Mich. 679, 7 N.W.2d 106. Indeed, so much the appellee concedes. It is also the law of Michigan that where misrepresentations or false statements are claimed to void an insurance policy, intent to defraud is a question of fact for the jury. Bernadich v. Bernadich, supra.

Even were we to concede that a reasonable inference might have been drawn from the facts that the excessive valuation was made with an intention to deceive the appellee, it does not necessarily follow that it precluded all other reasonable inferences. The appellant's counsel gave reasonable explanation for the figures used. The intention to deceive was denied both by him and the appellant. The insur-

ance company adjuster was acquainted with all of the circumstances of the case at the time the proofs of loss were prepared. It was equally within the competence of the jury to find that the misrepresentation was made as the result of an honest mistake as to the technical meaning of "sound value," and in any event without an intention to deceive and defraud the appellee. The motion for directed verdict should have been denied and the case submitted.

Judgment reversed and the case remanded for trial in conformity with the views here expressed.