WEST v FARM BUREAU MUTUAL INSURANCE COMPANY OF
MICHIGAN

Docket No. 57435. Decided November 28, 1977. On application by
plaintiffs for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the decisions of the Court of
Appeals and the trial court and remanded for trial.

Kenneth G. and Karol A. West and others brought an action on a
farmowners policy against Farm Bureau Mutual Insurance
Company of Michigan, for payment of a fire loss. The Ingham
Circuit Court, Ray C. Hotchkiss, J., granted summary judgment
for the defendant on the ground that a willful misrepresenta-
tion in the proof of loss avoided the policy. The Court of
Appeals, Danhof, P. J., and Bashara and D. E. Holbrook, Jr.,
JJ., affirmed as to plaintiffs West (Docket No. 21061). Plaintiffs
apply for leave to appeal. *Held:*

For a misrepresentation to void the policy under a provision
that an insured's concealment, misrepresentation, fraud, or
false swearing voids it, the insured must have actually intended
to defraud the insurer. The question of intent to defraud is one
of fact. In the light of Kenneth West's affidavit that he acted in
good faith and without fraudulent intent, and because there
was a plausible non-fraudulent explanation for his statement
about ownership, there was a genuine issue of material fact
about his intent, and it was error to grant summary judgment.
This disposition makes it unnecessary to consider whether the
defendant must show that it relied on the alleged misrepresen-
tation or was damaged by it.

Reversed and remanded for trial.

63 Mich App 279; 234 NW2d 485 (1975) reversed in part.

*Hubbard, Fox, Thomas & Born* (by *Thomas A.
Bengtson),* for plaintiffs.

*Willingham, Coté, Hanslovsky, Griffith & Fores-
man, P. C.,* for defendant.

PER CURIAM. Kenneth and Karol West, plain-

tiffs-appellants, sustained a fire loss of over $27,-000 to a barn, two silos and other personal property, insured by defendant Farm Bureau Mutual Insurance Co.[1] One of the items claimed by the Wests in their initial unnotarized[2] proof of loss was a motorized grain elevator, worth approximately $1,200, which the Wests had borrowed from their neighbors, the Heinrichs.

Shortly after the Wests executed the unnotarized proof of loss, the Heinrichs, also insured by Farm Bureau, submitted their claim to Farm Bureau for the loss of the elevator, informing Farm Bureau that they owned the elevator. After Farm Bureau had paid the Heinrichs, its adjuster, aware that the Heinrichs had been paid, returned to the Wests' farm, had them fill out a second proof of loss, reflecting the loss of the elevator and, in response to the question whether they wished to make any change, was told they did not. Farm Bureau refused to pay any of the $27,000 loss on the ground that the policy was void because the Wests had misrepresented that they owned the elevator.[3]

The trial judge granted Farm Bureau's motion for summary judgment. The Court of Appeals affirmed. In lieu of granting leave to appeal, pursu-

---

[1] The Wests were purchasing the farm on land contract. The Court of Appeals reversed a summary judgment against the land contract sellers because a provision in the insurance policy "expressly provided that the interest of a land contract vendor is governed by the Mortgage Clause. This latter clause provides that the policy shall not be invalidated against a mortgagee in the event of any acts of the mortgagor". Farm Bureau has not sought leave to appeal.

[2] The proof of loss was not notarized by Farm Bureau's adjuster because his notary commission had expired.

[3] The policy provided:

"This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured related thereto."

ant to GCR 1963, 853.2(4), we reverse and remand for trial.

Although the Wests are not blameless in claiming that they owned the elevator and in telling the adjuster that they had purchased it from the Heinrichs, the judge erred in granting summary judgment.

Where an insurance policy provides that an insured's concealment, misrepresentation, fraud, or false swearing voids the policy, the insured must have actually intended to defraud the insurer. *Campbell v Great Lakes Ins Co,* 228 Mich 636, 638; 200 NW 457 (1924); *Brunswick-Balke-Collender Co v Northern Assurance Co,* 142 Mich 29, 35–36; 105 NW 76 (1905); *Tubbs v Dwelling-House Ins Co,* 84 Mich 646, 649, 654; 48 NW 296 (1891); see *Monaghan v Agricultural Fire Ins Co,* 53 Mich 238, 242, 255; 18 NW 797 (1884); 44 Am Jur 2d, Insurance, § 1501, p 368. The effect of this rule is that a false claim regarding a small portion of the loss may not result in forfeiture of the entire coverage[4] unless the insured is shown to be clearly culpable. See *Bernadich v Bernadich,* 287 Mich 137, 143; 283 NW 5 (1938).[5]

In the instant case, Kenneth West stated in an affidavit submitted in opposition to the motion for summary judgment that he "acted in good faith,

---

[4] The summary judgment precluded recovery for a $27,000 loss because of the alleged misrepresentation regarding the $1,200 elevator.

[5] The Court quoted *Rockmiss v New Jersey M'f'rs Ass'n Fire Ins Co,* 112 NJL 136, 139–140; 169 A 663 (1934):

" 'It is a firmly established rule of construction that policies of insurance will be liberally construed to uphold the contract, and conditions contained in them which create forfeitures will be construed most strongly against the insurer and will never be extended beyond the strict words of the policy. The court will never seek for a construction of a forfeiture clause in a policy which will sustain it, if one which will defeat it is reasonably deducible from the terms and words used to express it.' "

without fraudulent intent, and not willfully" because he was "not versed in the distinctions between ownership of personal property and responsibility for personal property on my premises belonging to other persons for which I believe I owe an obligation". Although the Wests may have been wrong in their perception of the law, they may have been guilty of nothing more than adhering to a common misconception that one in possession of another's property is responsible for its safe return and that they were in effect required to "buy" the elevator since it was destroyed while in their possession.

"Whether misrepresentations or false statements void an insurance policy depends upon the intent to defraud and this is a question of fact for the jury." *Bernadich v Bernadich, supra,* pp 144–145.

In light of Kenneth West's affidavit that he acted in good faith and without fraudulent intent, and it appearing there was a plausible non-fraudulent explanation for the statement in the proof of loss regarding ownership of the grain elevator, there is a genuine issue of material fact regarding the Wests' intent.[6] A trier of fact could reasonably conclude that the Wests did not intend to defraud the insurer. It was error to grant summary judgment. See, generally, *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973); *Durant v Stahlin,* 375 Mich 628, 640; 135 NW2d 392 (1965) (SOURIS, J.).[7]

Reversed and remanded for trial.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLE-

---

[6] GCR 1963, 117.2(3).

[7] Our disposition makes it unnecessary to consider whether Farm Bureau must show that it relied on the alleged misrepresentation *(see Alma State Savings Bank v Springfield Fire & Marine Ins Co,* 268 Mich 631, 635; 256 NW 573 [1934]) or was thereby damaged *(see Bernadich v Bernadich, supra,* p 143).

MAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.