*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DENISHA LIGHT,

        Plaintiff-Appellant,

and

ZMC PHARMACY, LLC, and MRI CENTER,
LLC, doing business as COMPLETE IMAGING,

        Intervening Plaintiffs,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant,

and

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee.

UNPUBLISHED
May 23, 2019

No. 341283
Wayne Circuit Court
LC No. 16-017312-NF

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff, Denisha Light, appeals as of right the trial court's order granting defendant, State Farm Mutual Automobile Insurance Company's (State Farm), motion to dismiss on the basis of fraud pursuant to MCL 500.3173a(2), and the trial court's denial of her motion for reconsideration. For the reasons stated below, we reverse and remand.[1]

---

[1] The intervening plaintiffs, ZMC Pharmacy, LLC, and MRI Center, LLC, are not parties to this appeal. Therefore, we refer to Light as "plaintiff." Farmers Insurance Exchange replaced State

## I. BACKGROUND

Plaintiff made a claim for no-fault personal protection insurance (PIP) benefits as a result of an automobile accident that occurred in August 2016 in Detroit, Michigan. In her claim for PIP benefits, plaintiff stated that she was walking on a sidewalk when a car jumped the curb and hit her. Because plaintiff was uninsured at the time of the accident and the driver of the car involved in the accident was unidentified, plaintiff made a claim through the Michigan Assigned Claims Plan (MACP), which assigned the claim to State Farm. Eventually, plaintiff filed a complaint seeking payment of outstanding benefits. Intervening plaintiffs, ZMC Pharmacy, LLC, and MRI Center, LLC, sought payment for healthcare services provided to plaintiff as a result of the accident.

On July 25, 2017, State Farm's counsel unsuccessfully sought concurrence from plaintiff's counsel in the relief it intended to request in a motion to dismiss plaintiff's case on the ground that she fraudulently made a claim for no-fault benefits. Therefore, on August 4, 2017, State Farm moved to dismiss plaintiff's complaint on the ground that plaintiff made false statements in her application for no-fault benefits, including her claims for wage loss, replacement care, and attendant services, with the intent to fraudulently obtain benefits in violation of MCL 500.3173a(2) and the MACP's plan of operation, both of which provide that a person who makes a knowingly false statement or provides false information lacks eligibility for payment of benefits under the assigned claims plan. State Farm's motion stated that it moved for dismissal under MCR 2.504(B)(3) and MCR 2.114.[2] State Farm noticed the hearing on this motion for September 1, 2017.

In its brief, State Farm explained that plaintiff gave different versions to people regarding her alleged accident and testified at her deposition claiming she suffered injuries to her lower extremities when in fact medical records established that she had no such injuries. In her application for PIP benefits, plaintiff stated that no one witnessed her accident. During her deposition, however, plaintiff testified that three people witnessed it. On her application for PIP benefits, plaintiff also stated that she lacked employment at the time of the accident and did not miss work because of her injuries. In her responses to requests for admissions, however, plaintiff indicated that she sought wage loss benefits; and during her deposition, she testified that she worked as a babysitter for pay. Witnesses testified that plaintiff babysat and that the accident did not disrupt her work as a babysitter. Further, two of the children for whom she provided care no

_____

Farm as the defendant-appellee in this matter because plaintiff's claim was reassigned to Farmers Insurance. Nevertheless, this opinion concerns matters pertaining to State Farm's motion, and therefore, we refer to it in this opinion.

[2] MCR 2.114 was repealed effective September 1, 2018. The court rule formerly authorized courts on a motion by a party or on its own initiative to impose sanctions for violation of the rule's requirement that papers submitted to the courts be signed by an attorney or party certifying that the document had been read and was well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. The provision for sanctions stated in former MCR 2.114(E) is now provided in MCR 1.109(E)(6).

longer needed plaintiff's services because they went home after school and received care from their mother. State Farm asserted that the witnesses' testimonies established that plaintiff's alleged injury had no relation to that work loss.

State Farm also submitted attendant care claim forms submitted by plaintiff in support of her attendant care claims that stated that her service provider assisted her daily with home physical therapy exercises for months. State Farm relied on plaintiff's service provider's testimony that she never assisted plaintiff with home exercises and never saw her do any. In those same forms, plaintiff claimed that her service provider performed six hours of attendant care services daily. Plaintiff's claim forms indicated daily assistance with bathing and grooming. The service provider, however, testified that she spent only two hours daily with attendant care services and that she never assisted plaintiff with bathing or hair care. Plaintiff also submitted attendant care claim forms in which she documented assistance with cognitive rehabilitation therapy, exercises, and therapy. State Farm asserted that plaintiff never actually treated with a neurologist, psychiatrist, psychologist, or neuropsychologist for cognitive issues or ever complained of such issues.

On August 23, 2017, the trial court entered a summary disposition scheduling order that stated that all motions for summary disposition filed by State Farm were scheduled for November 21, 2017 at 9:00 a.m. It further ordered among other things "that a response must be filed fourteen (14) days prior to the hearing that date being November 7, 2017 by 4:00 p.m. Failure to file a response by this date will be considered as consent to the relief requested."

Plaintiff did not file a response to State Farm's motion to dismiss before the September 1, 2017 hearing, and she did not appear at the hearing. State Farm argued that plaintiff falsified claims for no-fault benefits and had no defense to its position that her case required dismissal. The trial court noted that State Farm's motion was unopposed and granted the motion to dismiss against plaintiff and the intervening providers.

Plaintiff moved to set aside the trial court's order dismissing the case and for reconsideration. She argued that, pursuant to the trial court's scheduling order, motions for summary disposition were not to be heard until November 2017. Plaintiff contended that she had a response to defendant's motion prepared but did not file it after receiving the trial court's scheduling order. She claimed that she justifiably relied on the trial court's order and assumed that the hearing on State Farm's motion would not occur until November 21, 2017. She argued that she was denied the opportunity to address State Farm's fraud allegations and would provide the trial court sufficient proofs regarding every issue raised by State Farm. Plaintiff asserted that, to be entitled to summary disposition, State Farm had to establish that no genuine issue of material fact existed regarding fraud. She asserted that she made no misrepresentations and that State Farm based its theory of fraud on misrepresentations to the trial court. In her motion to set aside the trial court's order, she sought relief from the dismissal of her case under MCR 2.612(C)(1)(a) and (c). She argued that the trial court's scheduling order justified her conduct. She also asserted that she moved for reconsideration under MCR 2.119(F)(3) because State Farm misrepresented facts to the trial court and the trial court palpably erred by granting State Farm's motion.

Plaintiff also filed a supplemental motion for reconsideration and attached to it her response in opposition to State Farm's motion to dismiss and a brief. In her response, she argued that she did not knowingly submit false information with the intent to injure, defraud, or deceive. In her brief in support of her opposition to State Farm's motion, she argued that defendant had to establish its claim of fraud and prove that no genuine issue of material fact existed and it had not done so. She asserted that she never made a wage loss claim and had not sought replacement services. She argued that the evidence did not establish clear and convincing proof of fraud. Relying on *West v Farm Bureau Mut Ins Co*, 402 Mich 67; __ NW2d __ (1977), plaintiff asserted that Michigan law required a jury to decide whether misrepresentations or false statements voided an insurance policy.

The trial court denied plaintiff's motion for reconsideration because plaintiff merely presented the same issues the trial court expressly or impliedly ruled upon and she failed to demonstrate a palpable error by which the parties and the trial court were misled or that a different result was warranted by correction of the alleged mistake. This appeal followed.

## II. STANDARDS OF REVIEW

Motions for involuntary dismissal under MCR 2.504(B) test the factual support for a claim. *Williamston Twp v Hudson*, 311 Mich App 276, 287; 874 NW2d 419 (2015). A "motion for involuntary dismissal calls upon the trial judge to exercise his function as trier of fact, weigh the evidence, pass upon the credibility of witnesses and select between conflicting inferences. Plaintiff is not given the advantage of the most favorable interpretation of the evidence." *Id*. (citations omitted). In reviewing a motion for involuntary dismissal under MCR 2.504(B), we review the trial court's factual findings for clear error. *Id*. at 289. "A trial court's findings are considered clearly erroneous where we are left with a definite and firm conviction that a mistake has been made." *Id*. (citation omitted). "We review de novo issues of statutory interpretation." *Id*. (citation omitted).

We review for an abuse of discretion a trial court's decision to grant or deny a motion for reconsideration. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000). We also review for an abuse of discretion a trial court's decision on a motion to set aside a judgment or order. *Wolf v Mahar*, 308 Mich App 120, 128; 862 NW2d 668 (2014). An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes. *Id*.

## III. ANALYSIS

Plaintiff argues that the trial court erred in granting State Farm's motion to dismiss because she was not afforded an opportunity to respond because it heard the motion on September 1, 2017, when its scheduling order specified that she had to respond to State Farm's motion by November 7, 2017, and the hearing date would be on November 21, 2017. We agree.

It is well established that a trial court speaks through its orders and judgments. *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977). Trial courts have discretionary authority under MCR 2.401(B) to enter scheduling orders setting time limitations and deadlines for proceedings. *Kemerko Clawson LLC v RXIV Inc*, 269 Mich App 347, 349; 711 NW2d 801

(2005). In this case, the trial court entered an order after State Farm filed its dispositive motions against the plaintiffs that specified the date by which plaintiffs could respond to the motions and specified the date on which the trial court would hear the motions. The record reflects that plaintiff relied on the trial court's order and in doing so she refrained from filing a response to State Farm's motion to dismiss and anticipated filing her opposition according to the trial court's order. Despite having obeyed the trial court's order, the trial court heard State Farm's motion and concluded that she did not oppose it and entered an order dismissing her claims. The record reflects that plaintiff's counsel, when asked to concur in the relief requested by State Farm, declined to concur and thereby indicated plaintiff's opposition to the motion. At the hearing on State Farm's motion, the trial court made neither findings nor stated conclusions of law.

The record reflects that plaintiff promptly sought reconsideration and the setting aside of the trial court's order dismissing her claims. Plaintiff explained that she relied on the trial court's scheduling order, only to be denied her opportunity to present her case and evidence to the trial court in opposition to State Farm's motion. The trial court denied plaintiff's motion and stated that she presented the same issues it already ruled on despite the fact that she never had the opportunity to present her opposition. We conclude that the trial court abused its discretion by not reconsidering its ruling and setting aside its dismissal order. The record clearly establishes that the trial court mistakenly held the hearing on September 1, 2017, when it had entered a scheduling order that set the deadlines for plaintiff's response and the hearing on State Farm's dispositive motions. Accordingly, we reverse and remand this case for further proceedings to enable plaintiff to present her response to State Farm's motion and to provide her an opportunity to be heard. We decline to consider or rule on the merits of plaintiff's claims or State Farm's defenses as set forth in its motion to dismiss.

Reversed and remanded. This Court does not retain jurisdiction.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly

-5-