CHRIS NELSON AND SON, INC. v ATLAS CONCRETE PIPE, INC.

Docket No. 77-2427. Submitted April 5, 1978, at Lansing.—Decided June 6, 1978. Leave to appeal applied for.

The Genesee County Drain Commissioner entered into a contract with defendant Atlas Concrete Pipe, Inc., wherein Atlas agreed to furnish concrete pipe to the drain commission for construction of a sewer. As required by statute, Atlas furnished a performance bond signed by defendant Reliance Insurance Company, as surety, naming the drain commission as obligee. Plaintiff Chris Nelson and Son, Inc., made a contract with the drain commission to install the pipe. Atlas delayed in the delivery of the pipe, therefore Nelson was delayed in the installation. A settlement agreement was later reached between Nelson and the drain commission providing for the assignment of the commission's claims for delays in delivery against Atlas to Nelson, and Nelson, in return, agreed not to pursue its claims for delays against the commission. The agreement also assigned to Nelson the commission's rights against Atlas, as principal, and Reliance, as surety, under the bond. Nelson then commenced suit on its claim under the bond against Atlas and Reliance. Reliance brought a crossclaim against Atlas. Atlas was declared bankrupt during the pendency of the action and Nelson obtained a default judgment against Atlas. Reliance then brought a third-party complaint against Construction Services, Inc., and others, for indemnity on the performance bond. The Genesee Circuit Court, Ollie B. Bivins, Jr., J., awarded damages to Nelson against Reliance and continued the third-party claims and crossclaim of Reliance for trial separately. Reliance appeals. *Held:*

The plaintiff, a third-party beneficiary of the performance bond, may recover from the promisor and the promisor's surety where there has been a breach of the contract to which the performance bond applies. A bond which guarantees the performance of a construction contract is assignable where there is

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contractors' Bonds § 125.
[2] 17 Am Jur 2d, Contractors' Bonds § 93.
[3] 17 Am Jur 2d, Contractors' Bonds § 94.

no evidence that the parties intended to restrict such assignment. Neither the assignment nor the payment of retainage to defendant Atlas discharged defendant Reliance as surety, since the contract did not require the commission to retain funds for the surety's benefit and a prejudicial change in obligations or duties is necessary to discharge a surety from liability. No such prejudice is shown here.

Affirmed.

1. CONTRACTS—MUNICIPAL CORPORATIONS—THIRD-PARTY BENEFICIARIES—PERFORMANCE BONDS—PUBLIC WORKS CONTRACTOR'S BONDS —BREACH—STATUTES.

A third-party beneficiary of a performance bond required by statute of contractors for public buildings and public works of governmental units may recover from the promisor and the promisor's surety where there has been a breach of the contract to which the bond applies (MCL 129.202; MSA 5.2321[2]).

2. CONTRACTS—MUNICIPAL CORPORATIONS—PUBLIC WORKS CONTRACTOR'S BONDS—ASSIGNMENT—STATUTES.

A bond, required by statute of contractors for public buildings and public works of governmental units to guarantee the performance of a construction contract, is assignable where there is no evidence that the parties intended to restrict such assignment and where the governmental unit does not lose the protection intended by the bond as a result of the assignment (MCL 129.202; MSA 5.2321[2]).

3. CONTRACTS—MUNICIPAL CORPORATIONS—SURETYS—DISCHARGE OF SURETYS—PERFORMANCE BONDS—ASSIGNMENT OF RIGHTS—PAYMENT OF RETAINAGE.

A prejudicial change in obligations or duties is necessary to discharge a surety from liability on a performance bond; therefore, neither a promisee's assignment of its rights under a construction performance bond nor the promisee's payment to the promisor of retainage held under a contract to which the bond applies discharged the surety where the bond was assignable, the surety was not prejudiced by the assignment, and the contract did not require the promisee to retain funds for the surety's benefit.

*C. Robert Beltz,* for plaintiff.

*Moore, Sills, Poling, Wooster, Sinn & Taylor, P. C.,* for defendant.

Before: ALLEN, P. J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

V. J. BRENNAN, J. Defendant Reliance Insurance Company appeals from a June 2, 1977, order of Genesee County Circuit Court Judge Ollie B. Bivins, Jr., finding defendant Reliance liable to plaintiff Chris Nelson and Son, Inc., in the amount of $403,204.35 plus interest and costs. This cause of action arises incident to contracts with the Genesee County Drain Commissioner for construction of a sewer project in Genesee County. Trial in the case was held on January 6, 1977, and Judge Bivins issued his opinion on January 28, 1977. Defendants' appeal is taken as of right under GCR 1963, 806.1.

We affirm the trial court's decision. Plaintiff was a third-party beneficiary of the performance bond for which defendant Reliance was surety. *Hardware Dealers Mutual Ins Co v R H Hidey, Inc,* 349 Mich 490; 84 NW2d 795 (1957). Clearly, defendant Atlas Concrete Pipe, Inc., as promisor, and defendant Reliance, as surety, agreed to assume the direct obligation of making timely deliveries of concrete pipe to plaintiff. The Genesee County Drain Commissioner, as promisee, by statute, only intended to protect himself. Regardless, plaintiff was a third-party beneficiary under the performance bond and could recover from defendants Atlas and Reliance. *Guardian Depositors Corp v Brown,* 290 Mich 433; 287 NW 798 (1939), *Talucci v Archambault,* 20 Mich App 153; 173 NW2d 740 (1969). Further, we find no express language in 1963 PA 213 which would cut off plaintiff's third-party beneficiary rights. As a third-party beneficiary, plaintiff could seek recovery from defendant Reliance.

Moreover, by what we find is a valid assignment,

plaintiff acquired all of the Genesee County Drain Commissioner's rights on the bond. See 4 Corbin on Contracts, § 880, p 539, 13 Couch on Insurance 2d, § 47:97. Couch states the following:

"A bond executed by a bonding company in business for profit, which guarantees the performance of a construction company contract in existence, is assignable where it contains no evidence that the right to have it performed shall not be assignable, but on the contrary, shows that it was the intent of the parties that it could, and would in all probability, be assigned before the time for its completion should arrive; and it is assignable along with the principal contract." (Footnote omitted.) See *American Bonding & Trust Co v Baltimore & OSW R Co,* 124 F 866, 878–879 (CA6, 1903).

In short, we find no evidence that the parties intended to restrict assignment of defendant Atlas' performance bond by the Genesee County Drain Commissioner. We will infer no such intention on review. Thus, as the commissioner had the power to make assignments, there is no such limitation to his assignment of rights upon the performance bond to plaintiff. MCL 280.5; MSA 11.1005. See also 1963 PA 213 (where no restriction concerning assignment of rights arising from a performance bond is specified). Further, we find the assignment was not an improper partial assignment of a chose in action or an assignment of a nonexistent cause of action.

Moreover, neither the assignment nor the drain commissioner's payment of retainage to defendant Atlas discharged defendant Reliance as surety; as required by MCL 129.202; MSA 5.2321(2) the governmental unit did not lose its protection because of the assignment; that is, the bond was still protecting the drain commissioner. A prejudicial change in obligations or duties is necessary to

discharge a surety from liability. *Miller Industries, Inc v Cadillac State Bank,* 40 Mich App 52, 59; 198 NW2d 433 (1972), *Bernadich v Bernadich,* 287 Mich 137; 283 NW 5 (1938), *In re Landwehr's Estate,* 286 Mich 698; 282 NW 873 (1938). The trial court found no prejudice to defendant Reliance from the plaintiff's assumption of the drain commissioner's rights under the performance bond.

We affirm this finding. Nor does the drain commissioner's payment of retainage to defendant Atlas release defendant Reliance from liability as surety. Defendant Reliance could have contracted to require retainage for its benefit. Reliance was aware that the contract language was permissive and that the drain commissioner did not have to retain funds to cover the contractor's claims. Presumably, defendant Reliance adjusted its rates to provide for the added risk that the drain commissioner might not retain funds. In the absence of mandatory contract language requiring the commissioner to retain funds to protect defendant Reliance, the commission had to make final and complete payment within 35 days after the completion and acceptance of the project. The commissioner's payments did not discharge Reliance's liability on the performance bond.

Affirmed.

Costs to be paid by Reliance.