HUNTERS POINTE PARTNERS LIMITED PARTNERSHIP v
UNITED STATES FIDELITY & GUARANTY COMPANY

Docket No. 106664. Submitted April 5, 1989, at Lansing. Decided June
    20, 1989.

United States Fidelity & Guaranty Company issued a perfor-
    mance bond naming Hoffman Construction Company as the
    principal and Hunters Glen, Ltd., as obligee. The bond guaran-
    teed Hoffman's performance under a construction contract
    between Hoffman and Hunters Glen for the construction of an
    apartment complex. Under the terms of the contract Hoffman,
    the contractor, would be required to correct any defects due to
    faulty materials or workmanship which might appear within
    one year from the date of completion. By way of a supplemen-
    tal agreement, in addition to the construction contract, part of
    the consideration Hoffman was to receive for construction of
    the apartment complex was a limited partnership interest in
    Hunters Glen which Hoffman was required to sell to Hunters
    Glen upon completion of construction. By way of an addendum
    to the supplemental agreement, executed by Hoffman, Hunters
    Glen, and USF&G, the benefits inuring to Hoffman under the
    supplemental agreement would be extended to USF&G as an
    inducement for USF&G's issuance of the payment and perfor-
    mance bonds. Six months after the completion of construction,
    Hunters Glen filed for Chapter 11 bankruptcy. As part of
    Hunters Glen's reorganization plan, a purchase agreement was
    entered into on June 30, 1983, between Hunters Glen and
    Northern Capital, Inc., as nominee for Hunters Pointe Partners
    Limited Partnership, which agreement was approved by the
    bankruptcy court on August 15, 1983. Hoffman accepted the
    plan of reorganization, but USF&G was not a party to the
    bankruptcy proceedings, did not receive direct notice from the
    bankruptcy court as to any issue, and did not participate in any
    of the bankruptcy court hearings concerning the project. At a

REFERENCES

Am Jur 2d, Suretyship §§ 34 et seq., 100.

Change in name, location, composition, or structure of obligor
    commercial enterprise subsequent to execution of guaranty or
    surety agreement as affecting liability of guarantor or surety to
    the obligee. 69 ALR3d 567.

closing which took place on October 13, 1983, Hunters Pointe closed the HUD mortgage and acquired fee simple title to the project from Hunters Glen. Hoffman was never paid in full for its limited partnership interest in Hunters Glen. By assignment dated October 17, 1983, all assets of Hunters Glen were assigned to Hunters Pointe. As a result of numerous alleged defects in the construction of the apartment complex, Hunters Pointe filed suit against Hoffman, as contractor, and USF&G, as surety, in Oakland Circuit Court for damages resulting from the defects. The court, James S. Thorburn, J., granted summary disposition in favor of USF&G on the basis that, as a surety, it was discharged from liability when the construction contract and performance bond were assigned from Hunters Glen to Hunters Pointe without the express consent of USF&G. Plaintiff appealed.

The Court of Appeals *held:*

The trial court erred in ruling that Hunters Pointe's failure to obtain the consent of USF&G to the assignment of the construction contract and performance bond operated to discharge USF&G as surety under the performance bond. USF&G was not a party to the construction contract and its consent to an assignment of the contract by Hunters Glen was not required, the performance bond did not expressly prohibit an assignment by Hunters Glen, and USF&G suffered no prejudice as a result of the assignment by Hunters Glen to Hunters Pointe.

Reversed and remanded for further proceedings.

1. SURETYSHIP AND GUARANTEE — DISCHARGE OF SURETY FROM LIABILITY.

A prejudicial change in obligations or duties is necessary to discharge a paid surety from liability.

2. BONDS — CONSTRUCTION CONTRACTS — ASSIGNMENTS.

A bond executed by a bonding company in business for profit which guarantees the performance of a construction company contract in existence is assignable where it contains no evidence that the right to have it performed shall not be assignable.

*Dykema Gossett* (by *Nancy G. Edmunds* and *Maureen E. Thomas*), for plaintiff.

*Poling, McGaw & Poling, P.C.* (by *D. Douglas McGaw* and *Gregory C. Hamilton*), for defendant.

Before: MICHAEL J. KELLY, P.J., and GILLIS and CYNAR, JJ.

PER CURIAM. Plaintiff, Hunters Pointe Partners Limited Partnership, appeals as of right from a May 4, 1988, judgment entered by the trial court. Specifically, plaintiff challenges a February 5, 1988, order of summary disposition dismissing United States Fidelity & Guaranty Company as a defendant. We reverse.

This action involves plaintiff's claim for damages resulting from various defects in the construction of an apartment complex located in Southfield, Michigan. On May 6, 1981, a construction contract was executed between Hunters Glen, Ltd., as owner, and Hoffman Construction Company, as contractor, for the construction of an apartment complex. As required by the construction contract, a performance bond was issued by USF&G, as surety, naming Hoffman as the principal and Hunters Glen as obligee, guaranteeing Hoffman's performance under the construction contract. Article 2, ¶ B of the construction contract expressly required the contractor to correct any defects due to faulty materials or workmanship which might appear within one year from the date of completion. Article 2, ¶ D of the construction contract defined the date of completion as the date that the HUD representative's trip report is signed indicating construction is complete and which report is subsequently endorsed by the chief architect as being the final inspection report. The HUD representative's trip sheet was signed on September 29, 1982, and the chief architect's final inspection report was signed on October 14, 1982. In addition to the construction contract, part of the consideration Hoffman was to receive for construction of the apartment complex was a limited partnership in-

terest in Hunters Glen which Hoffman was required to sell to Hunters Glen upon completion of construction. Although USF&G was not a party to the supplemental agreement, an addendum to the supplemental agreement, dated May 6, 1981, was executed by Hoffman, Hunters Glen, and USF&G indicating that the benefits inuring to Hoffman under the supplemental agreement would be extended to USF&G as an inducement for USF&G's issuance of the payment and performance bonds.

As a result of financial instability, Hunters Glen filed for Chapter 11 bankruptcy in April, 1983. As part of Hunters Glen's plan of reorganization, a purchase agreement was entered into on June 30, 1983, between Hunters Glen and Northern Capital, Inc., as nominee for Hunters Pointe, which agreement was approved by the bankruptcy court by order dated August 15, 1983. Although the plan of reorganization was accepted by Hoffman, USF&G was not a party to the bankruptcy proceedings, did not receive direct notice from the bankruptcy court as to any issue, and did not participate in any of the bankruptcy court hearings concerning the project. At a closing which took place on October 13, 1983, Hunters Pointe closed the HUD mortgage and acquired fee simple title to the project from Hunters Glen. Hunters Pointe concedes that Hoffman was never paid in full for its limited partnership interest in Hunters Glen. By assignment dated October 17, 1983, all assets of Hunters Glen were assigned to Hunters Pointe.

As a result of numerous alleged defects in the construction of the apartment complex, plaintiff filed suit, on November 28, 1984, against both Hoffman, as contractor, and USF&G, as surety, under the performance bond. On February 5, 1988, the trial court granted summary disposition in favor of USF&G on the basis that, as a surety, it

was discharged from liability when the construction contract and performance bond were assigned from Hunters Glen to Hunters Pointe without the express consent of USF&G. Plaintiff proceeded to trial against Hoffman and, on May 4, 1988, a judgment was entered awarding Hunters Pointe damages in the amount of $453,813 against Hoffman plus interest of $186,946.08 and costs of $12,448.77. Plaintiff now appeals, asserting that the lower court's order of summary disposition in favor of USF&G was in error.

Plaintiff argues that the trial court erred in ruling that plaintiff's failure to obtain the consent of USF&G to the assignment of the construction contract and performance bond operated to discharge USF&G as surety under the performance bond. We agree.

USF&G was not a party to the construction contract and its consent to an assignment of the contract by the original owner, Hunters Glen, was not necessary. Article 9, ¶ A provided for an assignment of the contract by Hoffman or Hunters Glen with the prior consent of the other party, but consent of the surety, USF&G, was not required under the contract. Additionally, the performance bond contained no express prohibition against an assignment of rights under the bond by Hunters Glen. In fact, ¶ 5 of the bond contemplated the continuation of the surety's liability to an assignee of Hunters Glen.

A prejudicial change in obligations or duties is necessary to discharge a paid surety from liability. *Chris Nelson & Son, Inc v Atlas Concrete Pipe, Inc,* 84 Mich App 29, 32-33; 269 NW2d 295 (1978), lv den 404 Mich 818 (1979); *Miller Industries, Inc v Cadillac State Bank,* 40 Mich App 52, 59; 198 NW2d 433 (1972), lv den 387 Mich 812 (1972).

In *Chris Nelson & Son, Inc, supra* at 32, this

Court, quoting 13 Couch, Insurance (2d ed), § 47:97, stated:

"A bond executed by a bonding company in business for profit, which guarantees the performance of a construction company contract in existence, is assignable where it contains no evidence that the right to have it performed shall not be assignable."

This Court held that, in the absence of prejudice to the defendant surety, the assignment of the performance bond by the promisee did not discharge the defendant's liability as surety. *Id.* at 32-33.

In the present case, the surety, USF&G, was not a party to the construction contract and its consent to an assignment of the contract by Hunters Glen was not required. Also, the performance bond did not expressly prohibit an assignment by Hunters Glen. Furthermore, we find no prejudice to USF&G as a result of the assignment by Hunters Glen to Hunters Pointe. In this case, the assignment of the construction contract and bond from a bankrupt obligee to a new obligee with available funds to fulfill the terms of the construction contract was in no way prejudicial to USF&G. Therefore, we find that the trial court erred in granting summary disposition to USF&G on the basis that USF&G's liability as surety was discharged by the assignment.

On appeal, defendant USF&G argues that it should be relieved of its obligations under the bond due to a breach of contract by the owner in failing to make proper payments, due to the principal's full performance, and due to plaintiff's filing of the complaint after the period of limitation had expired. Plaintiff argues that USF&G was not relieved of its bond obligations on these grounds. However, we do not address these remaining issues on ap-

peal since the trial court made no determination on these issues in its disposition of the case. Our review is limited to issues actually decided by the trial court. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987), lv den 430 Mich 884 (1988). Accordingly, we remand to the trial court for further proceedings in which a determination shall be made on each of these remaining issues.

Reversed and remanded. We do not retain jurisdiction.