HUNTERS POINTE PARTNERS LIMITED PARTNERSHIP v
UNITED STATES FIDELITY & GUARANTY COMPANY

Docket No. 125365. Submitted March 10, 1992, at Detroit. Decided
May 18, 1992, at 9:20 A.M.

Hunters Pointe Partners Limited Partnership brought an action
in the Oakland Circuit Court against United States Fidelity &
Guaranty Company, seeking payment under a performance
bond issued by the defendant to Hoffman Construction Com-
pany for expenses incurred in correcting construction defects
allegedly discovered within a year of the completion of a
construction project. The court, Edward Sosnick, J., granted
summary disposition for the defendant, ruling that the defen-
dant was relieved of its obligations as surety upon the comple-
tion of construction and the plaintiff's unequivocal acceptance
of the project, notwithstanding a provision in the construction
contract that obligated Hoffman Construction to correct any
defects that appeared within one year of the completion of
construction. The plaintiff appealed.

The Court of Appeals held:

A surety may be held liable, under a performance bond
issued to a contractor, for latent defects resulting from the
contractor's breach of the construction contract where, as in
this case, the construction contract, as incorporated into the
bond by reference, provides that the contractor is to correct any
defects due to faulty materials or workmanship appearing
within a specified period after completion of construction.

Reversed.

*Dykema Gossett* (by *Nancy G. Edmunds* and
*Maureen E. Thomas*), for the plaintiff.

*Poling, McGaw & Poling, P.C.* (by *D. Douglas
McGaw* and *Gregory C. Hamilton*), for the defen-
dant.

Before: MacKENZIE, P.J., and WAHLS and BREN-
NAN, JJ.

BRENNAN, J. Plaintiff, Hunters Pointe Partners Limited Partnership, appeals as of right from a December 18, 1989, order granting summary disposition to defendant United States Fidelity & Guaranty Company. We reverse.

Hunters Glen, Ltd., and Hoffman Construction Company entered into a construction contract on May 6, 1981, under which Hoffman Construction agreed to act as general contractor on a project to build a 150-unit apartment complex in Southfield, Michigan. A performance bond was issued by USF&G, as surety, to secure the performance of Hoffman Construction. According to the terms of the bond, the surety would be obligated only as long as Hunters Glen paid Hoffman Construction, the principal on the bond, in strict accordance with the terms of the construction contract. In accordance with certain supplemental agreements, Hoffman Construction was entitled to a limited partnership interest in Hunters Glen, which it was required to sell to Hunters Glen upon completion of construction. The benefits inuring to Hoffman also accrued to USF&G as an inducement for its issuance of the bond. The additional payments for Hoffman's limited partnership in the complex would have totaled $432,000, but were never made by Hunters Glen. In 1983, after construction was completed, Hunters Glen filed for bankruptcy. Pursuant to the plan of reorganization, all of its interest in the construction project was sold to plaintiff Hunters Pointe.

Plaintiff subsequently brought this suit, alleging that Hoffman Construction and USF&G must reimburse it pursuant to the construction contract and the performance bond for the expenses incurred in correcting certain defects in the project. Both par-

ties brought motions for summary disposition.[1] Plaintiff argued that USF&G's failure to defend Hoffman Construction at trial and protect its interests as surety prohibits any argument regarding the issue of damages. USF&G argued that it was not liable under the bond because plaintiff did not pay in strict accordance with the construction contract. USF&G further argued that the period of limitation had run on plaintiff's claim. Finally, USF&G argued that because construction of the project was completed and plaintiff accepted the performance, defendant's obligations under the bond were terminated. The trial court granted USF&G's motion for summary disposition and denied plaintiff's motion. The court found that the surety was relieved of its obligations under the bond upon completion of the project and plaintiff's unequivocal acceptance of the project with known, patent defects. The court further found that the doctrine of collateral estoppel did not apply to the case at bar because there was insufficient identity of the parties.

Plaintiff argues that the court erred in granting summary disposition to USF&G. Plaintiff contends that, pursuant to the terms of the construction contract, Hoffman Construction was responsible for correcting all defects that were discovered within one year of completion of the project, and that, pursuant to the terms of the bond, USF&G would remain liable until Hoffman Construction fully performed in accordance with the construction contract. Plaintiff asserts that because Hoffman Construction has not corrected defects discovered within one year of completion, USF&G remains

[1] This is the second motion for summary disposition brought by defendant USF&G. The first motion was granted by the trial court, but was then reversed by this Court. *Hunters Pointe v USF&G,* 177 Mich App 745; 442 NW2d 778 (1989).

liable on the bond. Finally, plaintiff argues that the issuance of the certificate of substantial completion is not a bar to recovery where the defects are latent.

The trial court apparently granted summary disposition pursuant to MCR 2.116(C)(10). A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. Giving the nonmoving party the benefit of the doubt, the court must determine whether a record might be developed that would leave open an issue upon which reasonable minds could differ. *Pemberton v Dharmani,* 188 Mich App 317, 320; 469 NW2d 74 (1991).

There is no case in Michigan directly on point. However, we note that in jurisdictions that have addressed this issue, the courts read the performance bond together with the construction contract and found that a surety could be held liable on the performance bond for a breach of the construction contract by the contractor that results in latent defects. See *School Bd of Pinellas Co v St Paul Fire & Marine Ins Co,* 449 So 2d 872 (Fla App, 1984), *City of Gering v Patricia G Smith Co,* 215 Neb 174; 337 NW2d 747 (1983), *Salem Realty Co v Batson,* 256 NC 298; 123 SE2d 744 (1962), and *City of Osceola v Gjellefald Construction Co,* 225 Iowa 215; 279 NW 590 (1938). See also 17 Am Jur 2d, Contractors' Bond, § 34, p 771. Here the construction contract between Hunters Glen and Hoffman Construction was incorporated by reference into the performance bond. The performance bond contains the following language:

> Now, THEREFORE, the condition of this obligation is such that, if Principal shall well and truly perform all the undertakings, covenants, terms, conditions and agreements of said Contract on its

part, and fully indemnify and save harmless Obligees from all cost and damage which they may suffer by reason of failure so to do, and fully reimburse and repay Obligees all outlay and expense which Obligees may incur in making good any such default, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

This language clearly states that if the principal, Hoffman Construction, fails to fully perform under the construction contract, plaintiff is entitled to protection from USF&G.[2] Therefore, we must next review the construction contract to determine if plaintiff is entitled to protection under the performance bond. Article 2, paragraph B of the construction contract provides:

The Contractor shall correct any defects due to faulty materials or workmanship which appear within one year from the date of completion.

Article 2, paragraph D provides:

The date of completion shall be the date the HUD Representative signs the HUD Representative's trip report (HUD5379) which indicates construction is complete and which report is subsequently endorsed by the Chief architect as being the final inspection report.

The HUD representative signed his report on September 29, 1982. All defects that appeared between September 29, 1982, and September 29, 1983, were thus to be corrected by Hoffman Con-

[2] Moreover, we note that a surety's liability corresponds exactly with that of its principal. Therefore, if the principal can be held liable for breach of a construction contract, so may the surety. *Ackron Contracting Co v Oakland Co,* 108 Mich App 767, 772; 310 NW2d 874 (1981).

struction. Accordingly, USF&G, in its role as surety, is liable for Hoffman's failure to perform under the contract and correct those latent defects appearing by September 29, 1983. Assuming plaintiff's allegations are true that latent defects appeared by September 29, 1983, we find that the trial court erred in granting summary disposition to defendant. As a result of our disposition of this issue, we need not decide whether the trial court erred in finding that the doctrine of collateral estoppel is not applicable here. Further, we note that defendant has raised various issues that we decline to address because they were not raised in a cross appeal and also were not addressed by the trial court. See *Kim v Ford Motor Co,* 170 Mich App 544, 550; 429 NW2d 203 (1988); *Swickard v Wayne Co Medical Examiner,* 438 Mich 536, 562; 475 NW2d 304 (1991).

Reversed.