ELBODE v ALLSTATE INSURANCE COMPANY

Docket No. 76453. Submitted June 19, 1985, at Detroit.—Decided December 2, 1985.

Carol Elbode died from injures suffered when an automobile crashed through the wall of a restaurant and struck her. James A. Elbode, individually and as personal representative of the estate of Carol Elbode, deceased, and as next friend of the two minor Elbode children, filed suit against Allstate Insurance Company in Wayne Circuit Court seeking medical expenses, funeral expenses, and survivors' loss benefits under the no-fault act. Allstate, the insurer of the automobile which struck Mrs. Elbode, filed a counterclaim against James A. Elbode, individually, seeking to recover benefits Allstate had already paid because it discovered that Elbode owned two motor vehicles, neither of which was insured at the time of the accident. Allstate contended that the no-fault act required Elbode, as owner of the uninsured motor vehicles, to reimburse it for no-fault survivors' benefits it had already paid. Both parties moved for summary judgment. The court, William J. Giovan, J., granted summary judgment in favor of Allstate. Plaintiff appealed. *Held:*

The owner of an uninsured motor vehicle is required to reimburse an insurer which pays benefits to the owner's spouse only when the owner's uninsured vehicle was involved in the accident. The trial court's grant of summary judgment in favor of Allstate is reversed and the case is remanded for entry of summary judgment in plaintiff's favor.

Reversed and remanded.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 et seq.

Am Jur 2d, Statutes §§ 142 et seq.

Who is "member" or "resident" of same "family" or "household," within no-fault or uninsured motorist provisons of motor vehicle insurance policy. 96 ALR3d 804.

Right of insurer to reimbursement out of recovery against tortfeasor. 69 ALR3d 830.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

1. INSURANCE — NO-FAULT INSURANCE — UNINSURED MOTORISTS — REIMBURSEMENT OF NO-FAULT BENEFITS.

The owner of an uninsured motor vehicle is required to reimburse an insurer for no-fault benefits paid to the owner's spouse or other relative resident of the household for injuries sustained in an accident involving a motor vehicle only when the owner's uninsured vehicle was involved in the accident which caused the injuries (MCL 500.3177; MSA 24.13177).

2. STATUTES — JUDICIAL CONSTRUCTION.

Courts must not construe statutes to achieve absurd or unreasonable results.

*Coticchio, Zotter & Sullivan, P.C.* (by *Stephen A. Coticchio),* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin),* and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh),* of counsel, and *James G. Gross,* of counsel, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. J. CAPRATHE,* JJ.

W. J. CAPRATHE, J. Plaintiff counter-defendant Elbode, individually, appeals as of right from the trial court's grant of summary judgment for defendant counter-plaintiff Allstate on its counterclaim. The judgment ordered Elbode to reimburse Allstate for no-fault survivor benefits paid as a result of Elbode's wife's death.

We confront an issue of first impression in Michigan. Does MCL 500.3177; MSA 24.13177 require the owner of an uninsured motor vehicle not involved in the accident to reimburse the insurer for no-fault benefits paid by it as a result of the owner's spouse's death where the spouse was the equivalent of a pedestrian when injured? We find that it does not.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Elbode's wife died as a result of being struck by a vehicle, driven by defendant Allstate's insured, which crashed through the wall of a restaurant where Elbode's wife was a patron. Elbode owned two vehicles, neither or which was involved in the accident. Since neither of these vehicles was insured, plaintiffs brought this suit against Allstate for no-fault survivor benefits. Allstate counterclaimed against Elbode individually, claiming that § 3177 of the Michigan no-fault act, MCL 500.3177; MSA 24.13177, required Elbode, as the owner of uninsured motor vehicles, to reimburse it for no-fault survivor benefits paid as a result of his spouse's death. After both Elbode and Allstate brought motions for summary judgment, the trial court denied Elbode's motion and granted judgment for Allstate against Elbode under § 3177 of the act for survivor benefits paid by Allstate.

As the facts of the instant case were undisputed, the trial court's grant of summary judgment in favor of Allstate was error only if the court's interpretation of the statute here involved was incorrect. *Johnston v Hartford Ins Co,* 131 Mich App 349, 353; 346 NW2d 549 (1984), *lv den* 419 Mich 893 (1984). We find that it was.

At the time of this action, § 3177 provided:

"Sec. 3177. An insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person occupying an uninsured motor vehicle or *to the spouse or relative resident in the household of the owner or registrant of an uninsured motor vehicle* may recover such benefits paid and appropriate loss adjustment costs incurred *from the owner or registrant of the uninsured motor vehicle* or from his estate. Failure of such a person to make payment within 30 days is a ground for suspension or revocation of his motor vehicle registration and operator's license. An

uninsured motor vehicle for the purpose of this section is a motor vehicle with respect to which security as required by sections 3101 and 3102 is not in effect at the time of the accident." (Emphasis added.)

Elbode, in effect, urges this Court to find that § 3177 requires the owner of an uninsured motor vehicle to reimburse an insurer for benefits paid only when the uninsured motor vehicle is occupied or involved in the accident.[1] Defendant argues that § 3177 entitles it to recover benefits paid without regard to whether the uninsured vehicle was involved in the accident.[2]

We note that the statute does not expressly provide that the uninsured motor vehicle be involved in the accident. However, we believe that the Legislature intended that the owner of an uninsured motor vehicle be required to reimburse an insurer which pays benefits to the owner's spouse (or relative resident in the household) only

[1] Plaintiff also argues that his vehicle was not, at the time of the accident, subject to the registration and security requirements found in MCL 500.3101; MSA 24.13101. Section 3177 defines an uninsured motor vehicle as a "motor vehicle with respect to which security as required by sections 3101 and 3102 is not in effect at the time of the accident". Plaintiff reasons that, since his vehicle was parked outside the restaurant and was not being "driven or moved upon a highway" during the accident, it did not have to be registered under MCL 257.216; MSA 9.1916. As it was not required to be registered, plaintiff theorizes, he was not required to maintain security on it under § 3101 and so was not "uninsured" under § 3177. As this argument was not raised in the court below and because we find such an interpretation of MCL 257.216; MSA 9.1916 illogical, we summarily reject it.

[2] Under the priority provisions of the no-fault act, had plaintiff been insured, his insurer would have been responsible for providing survivors' loss benefits for his wife's death under §§ 3114(1) and 3115(1), even though she was not an occupant of a motor vehicle at the time of the accident. MCL 500.3114(1); MSA 24.13114(1), MCL 500.3115(1); MSA 24.13115(1), *Royal Globe Inc Cos v Frankenmuth Mutual Ins Co*, 419 Mich 565, 569-570; 357 NW2d 652 (1984). Defendant was second in order of priority under § 3115(1) and only became liable for these benefits because plaintiff did not have no-fault insurance.

when the owner's uninsured vehicle was involved in the accident.[3]

In so construing MCL 500.3177; MSA 24.13177, we are guided by the logic of *Heard v State Farm Mutual Automobile Ins Co,* 414 Mich 139; 324 NW2d 1 (1982), *reh den* 414 Mich 1111 (1982). The *Heard* case involved a person who was struck by an automobile while he was pumping gasoline into his uninsured vehicle. The insurer argued that § 3113 of the no-fault act, MCL 500.3113; MSA 24.13113, denied Heard benefits because his uninsured vehicle was invloved in the accident. Our Supreme Court found that Heard was entitled to benefits because, at the time of the accident, his vehicle was not in use as a motor vehicle, but rather was more like a stationary roadside object. 414 Mich 145. The Court opined:

---

[3] Section 3177 was amended in 1984 by 1984 PA 426, § 1, effective March 29, 1985. It now reads in pertinent part:

"Sec. 3177. (1) An insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person arising out of the ownership, maintenance, or use of an uninsured motor vehicle as a motor vehicle may recover such benefits paid and appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his or her estate. Failure of such a person to make payment within 30 days after judgement is a ground for suspension or revocation of his or her motor vehicle registration and license as defeined in section 25 of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.25 of the Michigan Compiled Laws. An uninsured motor vehicle for the purpose of this section is a motor vehicle with respect to which security as required by sections 3101 and 3102 is not in effect at the time of the accident."

The amendment added, *inter alia,* the requirement that the accidental bodily injury arise out of ownership, maintenance or use of an uninsured motor vehicle as a motor vehicle. This amendment is consistent with our interpretation of the former version of the statute, since it requires a closer connection between the bodily injury and the uninsured motor vehicle. In the instant case, the injury which occurred did not arise out of the ownership, maintenance or use of an uninsured motor vehicle as a motor vehicle. There was no causal connection between the injury which resulted in plaintiff's spouse's death and the ownership, maintenance or use of the uninsured motor vehicle. See *Denning v Farm Bureau Ins Group,* 130 Mich App 777, 782; 344 NW2d 368 (1983), *lv den* 419 Mich 877 (1984).

"The disqualification of an uninsured owner from entitlement to no-fault benefits is not absolute. While the no-fault act does indeed provide that the owner of an uninsured 'motor vehicle involved in the accident' is not entitled to recover PIP benefits, the converse is equally true: the owner of an uninsured vehicle *is* entitled to recover PIP benefits if his uninsured motor vehicle is *not* 'involved in the accident'. An owner is entitled to PIP benefits, although he has not insured his vehicle, if he suffers injury in a motor vehicle accident while he is a pedestrian, a bicyclist, a motorcyclist, or a passenger in another vehicle.

"Since the penalty for failing to purchase no-fault insurance is limited to disqualification for benefits when the uninsured vehicle is involved in the accident, it begs the question to argue that Heard is 'seeking to take advantage' of those who have contributed to the system. Because Heard's uninsured vehicle was not involved in the accident and he was a pedestrian and not a motorist or occupant of a motor vehicle (or, if one prefers, he was more like a pedestrian than a motorist or occupant), he is as much entitled—under the terms and policies of the no-fault act—to recover from the insurer of the vehicle that struck him as is a pedestrian or motorcyclist who does not own an automobile (or a pedestrian or motorcyclist who does own an automobile but who, like Heard, has not purchased no-fault insurance) and who also has not contributed 'to the fund from which benefits are to be paid'." (Footnotes omitted, emphasis in *Heard.*) 414 Mich 145-146.

It is well established that courts must not construe a statute to achieve an absurd or unreasonable result. *Luttrell v Dep't of Corrections,* 421 Mich 93, 106; 365 NW2d 74 (1984), *reh den* 422 Mich 1201 (1985). It would be absurd to hold that an uninsured motorist may recover under *Heard* but must reimburse the insurer where the accident involves his spouse (or a relative resident in his household). In addition, the penalty imposed by § 3177, *i.e.,* suspension of the owner's license and registration, is so severe that it would be unrea-

sonable to enforce it where a spouse (or relative resident in the uninsured's household) suffers damages as a pedestrian and the uninsured vehicle is not involved in the accident. Reason dictates reserving such a penalty to situations in which the uninsured vehicle was involved.

Thus, we conclude that in this case, where the uninsured vehicle was not even remotely involved in the accident, § 3177 does not require Elbode to reimburse Allstate for no-fault benefits paid as a result of Elbode's wife's death. We, therefore, reverse the trial court's grant of summary judgment in favor of Allstate and remand this case for entry of summary judgment on this issue in Elbode's favor.

Reversed and remanded.