*In re* TRANSAMERICA INSURANCE COMPANY OF AMERICA

Docket No. 95911. Submitted June 17, 1987, at Grand Rapids. Decided
    September 10, 1987. Leave to appeal applied for.

Transamerica Insurance Company of Michigan and Transamerica
    Insurance Corporation of America brought an action in the
    Kent Circuit Court seeking an order of superintending control
    directing the 61st District Court to accept subrogation suits
    filed by plaintiffs in defendant's small claims division. The
    circuit court, George R. Cook, J., granted summary disposition
    for defendant on the ground that the Revised Judicature Act
    prohibited filing such suits in the small claims division since it
    prohibited suits by assignees. Plaintiffs appealed.

The Court of Appeals *held:*

The court properly granted summary disposition but for the
wrong reason.

1. Subrogation claims are not claims pursued by an assignee
and are not prohibited in the small claims division by the
Revised Judicature Act.

2. The Revised Judicature Act requires that an officer or
employee or a corporation who is to represent a corporation in
the small claims division must have direct and personal knowl-
edge of the facts in dispute. This requirement prevents an
adjuster from representing the insurance company in small
claims court.

Affirmed.

W. J. CAPRATHE, J., dissented. He agreed that the Revised
Judicature Act does not prohibit subrogation claims in the
small claims division of the district court. However, he dis-
agreed that the act prohibits an adjuster from representing the
insurer in subrogation cases. He would reverse.

SUBROGATION — SMALL CLAIMS — INSURANCE — ADJUSTERS — RE-
    VISED JUDICATURE ACT.

The Revised Judicature Act prohibits an insurance adjuster from

REFERENCES

Am Jur 2d, Insurance §§ 1675, 1794 *et seq.*

Liability of independent or public insurance adjuster to insured for
    conduct in adjusting claims. 50 ALR4th 900.

representing an insurer in a subrogation case in small claims court by requiring the representative to have direct and personal knowledge of the facts in dispute (MCL 600.8408[2]; MSA 27A.8408[2]).

*Dilley, Dewey & Waddell, P.C.* (by *Thomas A. Geelhoed*) for plaintiffs.

*G. Douglas Walton,* Deputy Grand Rapids City Attorney, for defendant.

Before: SAWYER, P.J., and MACKENZIE and W. J. CAPRATHE,* JJ.

PER CURIAM. On July 28, 1986, plaintiffs, Transamerica Insurance Company of Michigan and Transamerica Insurance Corporation of America, filed suit seeking an order of superintending control directing defendant, the Sixty-First District Court, to accept subrogation suits filed by plaintiffs in defendant's small claims division. On August 4, 1986, defendant moved for summary disposition. After conducting a hearing on September 25, 1986, the Kent Circuit Court granted defendant's motion on the grounds that the Revised Judicature Act, MCL 600.101 *et seq.*; MSA 27A.101 *et seq.*, prohibited the filing of such suits in defendant's small claims division. Plaintiffs appeal as of right, arguing that the trial court incorrectly interpreted the Revised Judicature Act.

Plaintiffs are corporations whose activities include the issuance of automobile insurance policies. In the event that a party who is insured by plaintiffs is involved in an automobile accident, plaintiffs pay certain damages to their insured and, in return, receive the right of subrogation. As a result of some accidents involving a party insured by plaintiffs and an uninsured driver, plain-

* Circuit judge, sitting on the Court of Appeals by assignment.

tiffs attempted to enforce their subrogation rights in defendant's small claims division. However, defendant refused to accept such lawsuits for filing.

The trial court granted defendant's motion for summary disposition on the ground that a subrogation suit filed by an insurance company was essentially an assignment within the meaning of the Revised Judicature Act's chapter on the small claims division, MCL 600.8401 *et seq.*; MSA 27A.8401 *et seq.* Since a provision included within the chapter on the small claims division prohibited an assignee from pursuing a claim in the small claims division, MCL 600.8407(1); MSA 27A.8407(1), the trial court's grant of summary disposition seems to be based on MCR 2.116(C)(8), failure to state a claim on which relief could be granted.

The rules of statutory interpretation require that statutory language be interpreted in light of the established usage of the words. *Wright v Dudley,* 158 Mich App 154; 404 NW2d 217 (1986). Therefore, the term "assignee" in the instant case should not be interpreted as including a claim brought under the doctrine of subrogation. Although the trial court erroneously held that subrogation suits were prohibited by the Revised Judicature Act, the grant of summary disposition was nevertheless correct, albeit for a different reason. Even assuming that an adjuster of plaintiffs would have sufficient knowledge of the facts surrounding the complaint so as to be permitted to *bring* a complaint under MCL 600.8407(3); MSA 27A.8407(3), plaintiffs would still be barred from being *represented* at the small claims court by the adjuster. MCL 600.8408(2); MSA 27A.8408(2) requires that an officer or employee of a corporation who is to represent such corporation must have

direct *and personal* knowledge of the facts in dispute.

An appellate court need not reverse the lower court's order on the basis that it granted summary judgment on the wrong grounds where it reached the right result. *Jones v Employers Ins of Wausau,* 157 Mich App 345, 350; 403 NW2d 130 (1987). We believe the language of MCL 600.8408(2); MSA 27A.8408(2) is clear in requiring that a representative have direct and personal knowledge and, therefore, an adjuster of a subrogee insurance company would not have the requisite personal knowledge of the facts in dispute. A subrogee succeeds to the rights of the substituted subrogor, but not the knowledge. Therefore, we conclude that MCL 600.8408(2); MSA 27A.8408(2) prohibits the filing of subrogation suits in the small claims division by an insurance company since no employee or officer of the company has direct or personal knowledge of the facts in dispute.

Affirmed.

W. J. CAPRATHE, J. *(dissenting).* I agree with the majority that the trial court was in error when it held that subrogees are included in the term "assignee" and are thus prohibited from bringing suit in the small claims division by the Revised Judicature Act. However, I disagree with the majority's conclusion that the disposition of the lower court was correct. I believe that the statutes involved allow litigation of subrogation actions such as those involved in this case in small claims court.

It is only reasonable to assume that the Legislature intends its statutes to be interpreted in a way that would cause the most reasonable result in view of all of the circumstances. Since this is a case of first impression, we have the opportunity and responsibility to attempt to so interpret the

statutes involved in this case. I do not think that the "direct and personal knowledge" requirement of MCL 600.8408(2); MSA 27A.8408(2) was intended to mean only an employee who actually perceived the transactions upon which the cause of action is based. Such a limited interpretation would preclude most business causes of action because rarely would an individual have personally perceived all of the facts in dispute. I believe that "direct and personal knowledge" means the type of knowledge an accounts manager would have in a collection case or an adjuster would have in the subrogation cases. In a minor auto accident property damage subrogation case, it is the adjuster who talks to the parties (occasionally witnesses), checks the police report, and looks at the damage. Who would be in a better position to bring the action and present the total picture?

The strict interpretation of the majority, in my opinion, would lead to a harsh result. Insurance companies with subrogation claims under $1,500 would have to pursue them in district court and be subject to the costs, formalities, and other rigors of a court generally designed to entertain disputes of a higher denomination. This will logically lead to an abandonment of an insurance company's claims, or at least to a reduction in the net amount realized by the insurance company. In the end, the persons who will suffer will be those who purchase insurance, because their rates will go up. Many uninsured motorists who wrongfully cause damage to insured motorists will benefit. I do not believe that the Legislature intended this inequitable result. As we stated in *Elbode v Allstate Ins Co,* 147 Mich App 390, 395; 383 NW2d 209 (1985):

It is well established that courts must not construe a statute to achieve an absurd or unreason-

able result. *Luttrell v Dep't of Corrections,* 421
Mich 93, 106; 365 NW2d 74 (1984), *reh den* 422
Mich 1201 (1985).

I would reverse the lower court and order it to
enter a summary judgment in favor of the plain-
tiffs.