*In re* GOEHRING

Docket No. 117172. Submitted April 10, 1990, at Grand Rapids. Decided June 19, 1990.

Robert McKeon obtained a judgment against Harold Goehring in the small claims division of district court. The court issued a judgment debtor discovery subpoena directing Goehring to appear and produce certain financial records and documents. Three discovery hearings were held at which Goehring failed to produce the documents and testified that he expected to receive certain funds with which he would satisfy the judgment. The court continued the subpoena each time with the consent of the parties. Goehring appeared with an attorney at the third hearing and objected to the court's authority to continue the subpoena. The court indicated that it would not permit the attorney to represent Goehring and then continued the subpoena and set another hearing date. Goehring then filed a complaint for superintending control in the Kent Circuit Court requesting the court to order the district court to allow representation by the attorney and to stop continuing the subpoena. The circuit court, Dennis B. Leiber, J., dismissed the complaint ruling that there is no right to counsel in the postjudgment proceedings in small claims court and that the continued subpoena was warranted under the facts. The court found the circuit court proceeding vexatious and harassing and awarded sanctions of $500 against Goehring and his attorney. Goehring appealed.

The Court of Appeals *held:*

1. The provisions of the Revised Judicature Act prohibiting attorneys from the filing, prosecution or defense of litigation in the small claims division apply to postjudgment proceedings.

2. The district court properly continued the postjudgment

REFERENCES

Am Jur 2d, Courts §§ 31, 111, 112, 114, 115; Creditors' Bills §§ 1, 3; Pleading § 26.

See the Index to Annotations under Discovery; Frivolous Actions; Judgments Creditors and Debtors; Small Claims Court.

proceedings. The petition for superintending control was properly denied.

3. The assessment of costs against Goehring and his attorney was warranted.

4. McKeon's motion in the Court of Appeals for actual damages and expenses, including reasonable attorney fees, is granted. The case is remanded to circuit court for a determination of actual damages.

Affirmed and remanded.

1. COURTS — DISTRICT COURTS — SMALL CLAIMS DIVISION — RIGHT TO COUNSEL.

Unless a party removes a small claims action to the district court, all parties to an action in the small claims division of the district court are considered to have waived the right to counsel, including in postjudgment enforcement proceedings (MCL 600.8412; MSA 27A.8412).

2. COURTS — DISTRICT COURTS — SMALL CLAIMS DIVISION — RIGHT TO COUNSEL.

Attorneys are prohibited from the filing, prosecution, or defense of litigation in the small claims division of the district court, except on the attorney's own behalf; such exclusion of attorneys includes postjudgment enforcement proceedings in the small claims division where no new action has been commenced (MCL 600.8408[1]; MSA 27A.8408[1]).

3. JUDGMENTS — JUDGMENT DEBTOR DISCOVERY SUBPOENA — DISTRICT COURTS — SMALL CLAIMS DIVISION.

Continuing a judgment debtor discovery subpoena is within the statutory authority of a small claims judge (MCL 600.8410[2], 600.8420[1]; MSA 27A.8410[2], 27A.8420[1]).

4. SUPERINTENDING CONTROL — APPEAL.

The grant or denial of a petition for superintending control is within the sound discretion of the court; a denial will not be disturbed on appeal absent an abuse of discretion.

5. PLEADING — SANCTIONS — FRIVOLOUS ACTION OR DEFENSE.

The imposition of sanctions is mandatory upon the finding that a frivolous action or defense has been pled or where a pleading is signed in violation of the court rule pertaining to the signature of attorneys or parties (MCR 2.114).

*Wheeler, Upham, Bryant & Uhl, P.C.* (by *Duane J. Beach*), for Harold Goehring.

*Miller, Johnson, Snell & Cummiskey* (by *James S. Brady* and *Thomas R. Knecht*), for Robert Mc-Keon.

Before: REILLY, P.J., and MACKENZIE and SULLIVAN, JJ.

PER CURIAM. This is an action for superintending control. Plaintiff Harold Goehring appeals as of right from an order granting summary disposition in favor of defendant and imposing sanctions against Goehring and his attorney. We affirm.

On September 13, 1988, defendant Robert McKeon obtained a judgment against Goehring, in the amount of $1,172.60, in the small claims division of district court. Pursuant to MCL 600.6104 and 600.6110; MSA 27A.6104 and 27A.6110, the district court judge issued a judgment debtor discovery subpoena directed to Goehring, requiring him to appear on November 10, 1988, and produce certain financial records and documents.

Goehring appeared on the return date. After stating that he expected to collect on a commission within the next thirty days, the court continued the subpoena to December 8, 1988, with the consent of both parties. On December 8, Goehring told the court the anticipated funds had not come through, but he expected to collect within thirty days. The court continued the subpoena until January 12, 1989, with the consent of both parties.

On January 12, Goehring appeared with an attorney who objected to the court's authority to continue the subpoena another month. After some discussion, the court stated that there was a "good likelihood" that he would not permit the attorney to represent Goehring. The court then continued the subpoena until February 9.

Goehring subsequently filed his complaint for

superintending control in the circuit court, requesting that the court order the district judge (1) to allow Goehring to be represented by counsel, and (2) "to stop ordering and requiring Harold Goehring to repeatedly appear before the court for repeated post-judgment discovery examinations." The circuit court dismissed the complaint, ruling that there is no right to counsel in postjudgment proceedings in small claims court and that the continuing subpoena was warranted by plaintiff's failure to produce requested documents. The court further found that the circuit court proceeding was vexatious and harassing and awarded sanctions in the amount of $500 against Goehring and his attorney.

Chapter 84 of the Revised Judicature Act, MCL 600.8401 *et seq.*; MSA 27A.8401 *et seq.,* sets forth the framework of the small claims division of the district court. Unless a party removes a small claims action to the district court, all parties to an action in the small claims division are considered to have waived the right to counsel. MCL 600.8412; MSA 27A.8412. With certain exceptions not relevant here, an attorney may not take part in the filing, prosecution, or defense of litigation in the small claims division. MCL 600.8408(1); MSA 27A.8408(1). Goehring asserts that these provisions do not apply to postjudgment proceedings in the small claims division, so that the district judge should have been ordered to allow counsel to represent him. The argument is without merit.

Goehring argues that the language of MCL 600.8408(1); MSA 27A.8408(1) prohibiting attorneys from the "filing, prosecution, or defense of litigation" in the small claims division does not exclude attorneys from participation in small claims postjudgment proceedings. We decline to adopt such an expansive reading of the statutory

language. MCL 600.8408(1); MSA 27A.8408(1) uses the terms "prosecution" and "litigation" without limitation to any stage of the proceedings. Further, several sections of Chapter 84 refer to post-judgment collection proceedings within the small claims division, compelling the conclusion that the Legislature intended small claims "prosecution" and "litigation" to include postjudgment proceedings. See MCL 600.8410(2); MSA 27A.8410(2) (enforcement of installment payment judgments); MCL 600.8420(1); MSA 27A.8420(1) (fee for issuance of judgment debtor discovery subpoena); MCL 600.8421; MSA 27A.8421 (taxable costs to include cost of execution upon a judgment). The rules of statutory interpretation require that statutory language be interpreted in light of the established usage of the words. *In re Transamerica Ins Co of America,* 163 Mich App 124, 126; 414 NW2d 158 (1987), vacated on other grounds 430 Mich 899 (1988). Goehring has failed to demonstrate any established usage of the terms "litigation" or "prosecution" to exclude postjudgment enforcement proceedings where no new action has been commenced.

Goehring further argues that MCR 4.301 provides for a change in procedure after judgment. That rule states:

> Actions in a small claims division are governed by the procedural provisions of Chapter 84 of the Revised Judicature Act, MCL 600.8401 *et seq.*; MSA 27A.8401 *et seq.,* and by this subchapter of the rules. After judgment, other applicable Michigan Court Rules govern actions that were brought in a small claims division.

Goehring also points to MCL 600.8409; MSA 27A.8409, providing that "the [small claims] judgment may be enforced in any other manner pro-

vided by law," as support for his claim that the waiver of counsel ceases upon entry of judgment. We are satisfied that the language of these two provisions merely clarifies that postjudgment enforcement procedures available in other cases are also available in small claims cases. Neither provision confers the right to counsel once a small claims judgment has been entered.

The statutory scheme for the small claims division contemplates relatively informal proceedings, without either party being represented by counsel at any stage. See Domanskis, *Small claims courts: an overview and recommendation,* 9 U Mich J L Ref 590, 602-604 (1976). In this case, Goehring elected not to remove the small claims action to district court. He thereby waived his right to counsel for all proceedings in the small claims action, including judgment enforcement proceedings. The circuit court, therefore, did not err in dismissing the complaint for superintending control to the extent that the complaint charged an error of law in the small claims court's refusal to permit the appearance of counsel.

Goehring next contends that the circuit court improperly dismissed the complaint for superintending control because the district court's continuances of the judgment debtor discovery subpoena constituted an abuse of discretion designed to harass Goehring. This contention is baseless both legally and factually.

Continuing a judgment debtor discovery subpoena is within the statutory authority of a small claims judge. Judgments in small claims cases may be enforced in any manner provided by law, unless prohibited by one of the small claims statutory provisions. MCL 600.8409; MSA 27A.8409. MCL 600.8410(2); MSA 27A.8410(2) and MCL 600.8420(1); MSA 27A.8420(1) clearly contemplate

the use of judgment debtor discovery subpoenas to enforce a small claims judgment. The statute governing judgment debtor discovery subpoenas authorizes the judge to adjourn proceedings examining a judgment debtor "from time to time as he thinks proper." MCL 600.6110(2); MSA 27A.6110(2). Thus, the district court in this case could continue the postjudgment proceedings as necessary to enforce the judgment. Moreover, there is nothing in this record to support Goehring's claim that the purpose of the continuances was to harass him. Goehring not only agreed to each of the continuances, he effectively invited them by representing to the court at each hearing that he expected to collect sufficient money to satisfy the judgment within the next thirty days.

The grant or denial of a petition for superintending control is within the sound discretion of the court. Absent an abuse of discretion, this Court will not disturb the denial of a request for an order of superintending control. *Marshall v Pech,* 95 Mich App 454, 460; 291 NW2d 78 (1980), lv den 409 Mich 904 (1980). In this case, we find no abuse of discretion. The bases for Goehring's complaint—that he was entitled to postjudgment counsel and that the district court's continuances of the postjudgment discovery subpoena should stop—were both without merit.

Goehring further claims that the circuit court erroneously assessed costs against him and his attorney pursuant to MCR 2.114. Again, we disagree.

MCR 2.114 provides in relevant part:

(D) Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that

(1) he or she has read the pleading;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(E) Sanctions for Violation. If a pleading is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

The sanction rule of MCR 2.114 is mandatory. The court must impose a sanction if it finds a violation of MCR 2.114 has occurred. In *Contel Systems Corp v Gores,* 183 Mich App 706, 710-711; 455 NW2d 398 (1990), this Court stated:

Since the imposition of a sanction under MCR 2.114 is mandatory upon the finding that a pleading was signed in violation of the court rule, or a frivolous action or defense had been pled, there is no discretion for the trial court to exercise in determining if a sanction should be awarded. Rather, the relevant inquiry is whether the trial court erred in finding that the court rule had been violated and, therefore, that the imposition of a sanction was required. Since this involves a finding of fact by the trial court, that finding must be reviewed to determine if it is clearly erroneous. MCR 2.613(C). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm

conviction that a mistake has been committed. *Tuttle v Dep't of State Hwys,* 397 Mich 44; 243 NW2d 244 (1976).

Here, the circuit court concluded that Goehring's complaint for superintending control was not well grounded and that "catapulting" a $1,100 small claims action into circuit court for disposition was "inappropriate," vexatious, and harassing. We are not left with a firm and definite conviction that this conclusion was mistaken. The record supports a finding that Goehring engaged in ongoing delay tactics throughout the postjudgment proceedings against him. The record also supports a finding that he filed this action for no other reason than to cause further delay.

The order of the circuit court is affirmed. Defendant McKeon's motion for actual damages and expenses, including reasonable attorney fees, is granted. MCR 7.216(C)(2). We remand to the circuit court for a determination of actual damages.

Affirmed and remanded. We retain no further jurisdiction.