*In re* LAFAYETTE TOWERS

Docket No. 141925. Submitted April 20, 1993, at Detroit. Decided June 21, 1993, at 9:40 A.M.

Lafayette Towers brought an action for superintending control in the Wayne Circuit Court, seeking an order compelling the 36th District Court to allow attorneys to prepare and file forms approved by the State Court Administrative Office for the removal of cases from the small claims division to the general civil division of the district court. The circuit court, Richard C. Kaufman, J., denied the requested relief. Lafayette Towers appealed.

The Court of Appeals *held:*

MCR 4.306(A)(1) provides that a party may demand that an action be removed from the small claims division to the trial court for further proceedings by signing a written demand for removal and filing it with the clerk at or before the time set for hearing. MCR 2.117(B)(1) provides that, unless a particular rule indicates otherwise, any act required to be performed by a party may be performed by the attorney representing the party. MCR 4.306(A) does not prohibit an attorney from signing a demand for removal.

An attorney may prepare and file the form for removal of an action in the small claims division to the general civil division of district court pursuant to MCR 4.306(A)(1) and 2.117(B)(1) despite MCL 600.8408; MSA 27A.8408, which provides that an attorney, except when acting on the attorney's own behalf, may not take part in the filing, prosecution, or defense of litigation in the small claims division. Where a court rule governing practice or procedure and a statute conflict, the court rule controls.

Reversed.

COURTS — DISTRICT COURTS — SMALL CLAIMS DIVISION — REMOVAL — ATTORNEYS.

The form approved by the State Court Administrative Office for

REFERENCES

Am Jur 2d, Courts §§ 31, 128 *et seq.*

See ALR Index under Civil Procedure Rules; Courts; Removal of Actions.

requesting the removal of an action in the small claims division of a district court to the general civil division of the district court may be executed and filed by a party or a party's attorney (MCR 4.306[A][1], 2.117[B][1]).

*Cross Wrock, P.C.* (by *Richard A. Sundquist*), for the plaintiff.

*Lynda M. Mays*, for the defendant.

Before: HOLBROOK, JR., P.J., and SAWYER and CORRIGAN, JJ.

CORRIGAN, J. Plaintiff Lafayette Towers appeals as of right an order of superintending control barring attorneys, acting for their clients, from signing petitions for removal of cases from the Small Claims Division of the 36th District Court. We reverse.

This case arose from a landlord-tenant dispute between defendant Kenneth Bean and plaintiff. Bean filed a claim in the Small Claims Division of the 36th District Court seeking the return of his security deposit from plaintiff. In response, plaintiff filed a "Demand and Order for Removal," using a form approved by the State Court Administrative Office (SCAO). The form was filed and signed by plaintiff's attorney.

A hearing on Bean's claim was scheduled for January 3, 1991. On January 2, plaintiff's counsel's secretary telephoned the court and was erroneously informed that the petition for removal had been granted. Instead, the petition had actually been denied because it had been signed by the attorney and not the party defendant. The order denying the petition was mailed *only* to Bean and not to plaintiff or its attorney. Acting on this erroneous information, plaintiff failed to appear at the January 3 hearing. The magistrate then entered a default judgment.

Plaintiff's attempted appeal of the magistrate's decision to the small claims division, pursuant to MCL 600.8412; MSA 27A.8412, was denied. Having exhausted the avenues of appeal, plaintiff sought superintending control in the Wayne Circuit Court, asking that the district court judgment be set aside. Among other remedies, plaintiff sought an order directing the small claims division to:

> Allow attorneys to prepare and file petitions for removal of cases from the small claims court to the general civil division of the 36th District Court.

The Chief Judge of the Wayne Circuit Court set aside the default judgment and remanded the matter for trial. The underlying action between Bean and plaintiff was thereafter settled. The chief judge's final order further provided:.

> IT IS ORDERED that as of the date of the entry of this Order [June 5, 1991] all petitions for removal in the 36th District Court, Small Claims Division[,] shall be signed by a plaintiff or a defendant, pursuant to MCL 600.8408(4) [MSA 27A.8408(4)] and MCL 600.8408(1) [MSA 27A.8408(1)] and not by an attorney at law unless such attorney at law is acting on his/her own behalf[.]

First, the 36th District Court argues that plaintiff's appeal should be dismissed as moot because the default judgment has already been set aside. We disagree. A live controversy still exists. The question whether attorneys may sign petitions for removal from the small claims division of district court is "of public significance and is likely to recur in the future, yet evade review." *In re Ford,* 187 Mich App 452, 454; 468 NW2d 260 (1991). Acordingly, we resolve the legal question presented.

MCL 600.615; MSA 27A.615 provides:

> Except as provided in [MCL 725.10b; MSA 27.3950(2)], the circuit court has a general superintending control over all inferior courts and tribunals, subject to supreme court rule.

See also MCR 3.302. Both the circuit court and the Court of Appeals have authority to issue orders of superintending control. *Barham v Workers' Compensation Appeal Bd,* 184 Mich App 121, 128; 457 NW2d 349 (1990). Such powers derive from both statute and court rule. *Id.* Superintending control is the proper vehicle to challenge the general practices of an inferior court. *Bd of Library Comm'rs v Judges of the 70th Dist Court,* 118 Mich App 379; 325 NW2d 777 (1982); *Automatic Music & Vending Corp v Liquor Control Comm,* 141 Mich App 458, 463; 367 NW2d 413 (1985), rev'd on other grounds 426 Mich 452; 396 NW2d 204 (1986). See also *Detroit v Recorder's Court Judge,* 85 Mich App 284, 289; 271 NW2d 202 (1978) (superintending control is proper avenue for relief where challenge is to the defendant's method of conducting general court proceedings in all cases that present a common legal and factual situation). Superintending control is also proper where the court committed an error of law. *Wayne Co Prosecutor v Recorder's Court Judge (On Remand),* 167 Mich App 282, 284; 421 NW2d 665 (1988).

Lafayette Towers primarily challenges the chief judge's interpretation of MCL 600.8408(1); MSA 27A.8408(1) and MCL 600.8408(4); MSA 27A.8408(4). The primary goal of judicial interpretation of a statute is to ascertain and give effect to the intent of the Legislature. *People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989).

Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989). Questions of law are reviewed de novo. *Cardinal Mooney High School v Mich High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991). Applying a de novo standard, we reach a different and contrary result.

The small claims divisions of the various district courts are established pursuant to MCL 600.8401 *et seq.;* MSA 27A.8401 *et seq.* MCL 600.8408; MSA 27A.8408 specifically provides:

> (1) An attorney at law, except on the attorney's own behalf . . . shall not take part in the filing, prosecution, or defense of litigation in the small claims division.

Defendants rely on *In re Goehring,* 184 Mich App 360; 457 NW2d 375 (1990), as controlling authority. The facts in *Goehring* differ significantly from the facts in this case. In *Goehring,* a defendant in a small claims action sought legal representation for the postjudgment phase of the small claims proceeding. This Court affirmed the circuit court's dismissal of his complaint for superintending control, holding that "MCL 600.8408(1); MSA 27A.8408(1) uses the terms 'prosecution' and 'litigation' without limitation to any stage of the proceedings." *Id.* at 364.

The *Goehring* Court reasoned, however, that "Goehring *elected not to remove* the small claims action to district court. He *thereby* waived his right to counsel for all proceedings in the small claims action." *Id.* at 365; emphasis supplied. Goehring thus subjected himself to the jurisdiction of the small claims division and, as such, was bound by its rules, including the prohibition of

attorney representation. Plaintiff here did not; upon the filing of Bean's claim, plaintiff promptly acted to remove the matter from the jurisdiction of the small claims division to the general civil division.

The jurisdiction of the small claims division is not exclusive. MCL 600.8408(4); MSA 27A.8408(4) provides:

> Before commencement of a trial, the plaintiff or defendant . . . may remove the case from the small claims division to the general civil division of the district court. The affidavit form [initiating an action in the small claims division], in boldface type, shall inform both parties of the right to . . . removal before the trial to the general civil division and also inform the parties of the rights waived if they choose to remain in the small claims division. If the parties commence a trial of the case in the small claims division, both parties waive all rights mentioned in [MCL 600.8412; MSA 27A.8412].

In addition, MCL 600.8412; MSA 27A.8412 explicitly provides:

> *Unless a party removes a small claims action to the district court* pursuant to [MCL 600.8408(4); MSA 27A.8408(4)], *all parties to an action in the small claims division shall be considered to have waived the right to counsel,* the right to trial by jury, the right to recover more than the applicable jurisdictional amount as prescribed by [MCL 600.8401; MSA 27A.8401], and any right of appeal . . . . [Emphasis supplied.]

A party who removes the action to the district court chooses *not* to waive his right to counsel. The question, then, is whether "a party" includes the attorney for a party. We hold that it does.

MCR 4.301 provides that "[a]ctions in a small claims division are governed by . . . MCL 600.8401 *et seq.*; MSA 27A.8401 *et seq., and by this subchapter of the rules"* (emphasis supplied). MCR 4.306(A) provides that "[a] party may demand that the action be removed from the small claims division . . . by (1) signing a written demand for removal and filing it with the clerk at or before the time set for hearing." In general, "[u]nless *a particular rule* indicates otherwise, any act required to be performed by a party may be performed by the attorney representing the party." MCR 2.117(B)(1) (emphasis supplied). MCR 4.306(A) does not prohibit an attorney from signing a demand for removal. The Michigan Court Rules thus allow an attorney to sign a petition for removal.

The Michigan Supreme Court has general superintending control over all inferior courts. MCL 600.219; MSA 27A.219. The Supreme Court's rulemaking power is constitutionally supreme in matters of practice and procedure. *Kirby v Larson,* 400 Mich 585, 598; 256 NW2d 400 (1977). Where a court rule governing practice or procedure and a statute conflict, the court rule controls. *In re Hillier Estate,* 189 Mich App 716, 719-720; 473 NW2d 811 (1991).

We cannot identify any contravening policy argument. An unrepresented plaintiff is not at any greater disadvantage if the defendant's attorney signs the removal petition than if an officer of a corporate defendant does so; once the removal is effected, an unrepresented party is equally disadvantaged regardless of who signed the petition for removal. No purpose is served by requiring nonindividual parties to sign personally.

The Supreme Court is charged with "the preclusive responsibility for efficient all-over-the-State judicial service." *Wayne Circuit Judges v Wayne*

*Co,* 383 Mich 10, 33; 172 NW2d 436 (1969) (opinion
of BLACK, J., adopted by the Court on rehearing at
386 Mich 1; 190 NW2d 228 [1971]). MCR 8.103
creates the office of State Court Administrator, one
of whose duties is to "approve and publish forms
as required by these rules, and such other recom-
mended forms as the administrator deems advisa-
ble." MCR 8.103(9). The form for "Demand and
Order for Removal" in small claims divisions, on
which plaintiff's counsel relied, was approved by
the SCAO. Consistency of practice throughout Mich-
igan regarding this matter is a desirable goal.
Statewide use of a SCAO-approved form is prefera-
ble to conflicting practices in the various districts.[1]
See *In re Macomber,* 176 Mich App 131, 136-137;
439 NW2d 307 (1989), rev'd on other grounds 436
Mich 386; 461 NW2d 671 (1990) (probate court
should use SCAO forms in compliance with MCL
600.855; MSA 27A.855 "for purposes of achieving
uniformity of forms throughout the state").

Bean has appeared and sought attorney fees and
other expenses in this Court. His claims were not
presented to the circuit court or addressed by the
parties when the underlying dispute was settled.
Bean did not file a cross appeal. The issue is thus
abandoned. *Hunters Point Partners Ltd Partner-
ship v United States Fidelity & Guaranty Co,* 194
Mich App 294, 299; 486 NW2d 136 (1992); *Kim v
Ford Motor Co,* 170 Mich App 544, 550; 429 NW2d
203 (1988).

Reversed. No costs, a public question being in-
volved.

---

[1] Plaintiff, having conducted its own survey of the various district
courts' policies regarding this issue, has determined that only two
district courts do not permit an attorney to sign a petition for
removal from the small claims division.