PEOPLE v FAGAN (ON REMAND)

PEOPLE v REEVES (ON REMAND)

Docket Nos. 183450, 183610. Submitted August 2, 1995, at Grand
Rapids. Decided August 25, 1995, at 9:00 A.M.

Patsy L. Fagan and Robert D. Reeves were charged by informa-
tion rather than by indictment in the Kalamazoo Circuit Court
with delivery of a controlled substance. The cases were consoli-
dated. The defendants brought motions for discovery of the
grand jury testimony that had assisted the prosecutor in bring-
ing the charges. The court, Phillip D. Schaefer, J., granted the
motions and ordered that the defendants were entitled to any
grand jury testimony that touched on their guilt or innocence.
The prosecutor's applications for leave to appeal were denied
by the Court of Appeals, WEAVER, P.J., and MACKENZIE, J.
(SAWYER, J., dissenting), in orders dated November 30, 1994
(Docket Nos. 176999, 177000). The Supreme Court, in lieu of
granting leave to appeal, remanded the cases to the Court of
Appeals for consideration as on leave granted. 448 Mich 870,
871 (1995). The appeals were consolidated by the Court of
Appeals.

On remand, the Court of Appeals *held:*

A defendant charged by information and not by indictment is
entitled to grand jury testimony touching upon the defendant's
guilt or innocence. The defendant would be denied effective
assistance of counsel and the right to be prepared for the cross-
examination of witnesses if the relevant grand jury testimony
was not available. Those rights are guaranteed to those who
stand accused, either by indictment or information. The prose-
cutor has a duty to produce all the evidence relevant to the
defendant's guilt or innocence.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 956; 985, 1001; Indictments and
Informations §§ 1, 3, 9.
See ALR Index under Attorney or Assistance of Attorney; Cross-
Examination; Grand Jury; Indictments and Informations.

1. Criminal Law — Grand Jury — Witnesses — Testimony — Disclosure — Informations.

A defendant charged by information and not by indictment is entitled to grand jury testimony touching upon the defendant's guilt or innocence; a defendant denied access to such testimony is denied effective assistance of counsel and the right to be prepared for cross-examination of witnesses, rights guaranteed to those who stand accused, either by indictment or information.

2. Criminal Law — Indictments — Informations.

The Penal Code defines indictment to include an information; the Code of Criminal Procedure defines indictment to include an information and provides that all provisions of the law applying to prosecutions upon indictments shall, in the same manner and to the same extent as near as may be, be applied to informations and all prosecutions and proceedings thereon (MCL 750.10, 761.1[d], 767.2; MSA 28.200, 28.843[d], 28.942).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Jeffrey S. Getting,* Assistant Prosecuting Attorney, for the people.

*Joseph J. Jerkins,* for Patsy L. Fagan.

*Earl W. Dalzell,* for Robert D. Reeves.

ON REMAND

Before: Bandstra, P.J., and Markey and J. T. Hammond,* JJ.

Per Curiam. In these consolidated cases, defendants were charged by information rather than by indictment with delivery of a controlled substance, MCL 333.7401; MSA 14.15(7401). Defendants moved for discovery of grand jury testimony, which had assisted the prosecutor in bringing charges against them. The trial court granted defendants' motions and ordered that defendants

---

* Circuit judge, sitting on the Court of Appeals by assignment.

were entitled to any grand jury testimony that touched upon their guilt or innocence. The prosecutor's applications for leave to appeal were denied by the Court of Appeals. The Supreme Court, in lieu of granting leave to appeal, remanded the cases to the Court of Appeals for consideration as on leave granted, 448 Mich 870, 871 (1995). The appeals have been consolidated. We affirm.

The issue here is whether a defendant charged by information and not by indictment is entitled to grand jury testimony touching upon the defendant's guilt or innocence. The prosecutor argues that discovery of grand jury testimony is unavailable to defendants because they are charged by information rather than by indictment as authorized by MCR 6.107 and MCL 767.19g; MSA 28.959(7). Although the prosecutor is correct that MCR 6.107 and MCL 767.19g; MSA 28.959(7) pertain to defendants charged by indictment, the definition of "indictment" as contained in the Code of Criminal Procedure specifically states that " '[i]ndictment' means an . . . information." MCL 761.1(d); MSA 28.843(d). In addition, MCL 767.2; MSA 28.942, which is contained in the same chapter of the Code of Criminal Procedure as MCL 767.19g; MSA 28.959(7), provides that "[a]ll provisions of the law applying to prosecutions upon indictments . . . shall, in the same manner and to the same extent as near as may be, be applied to informations and all prosecutions and proceedings thereon." Similarly, the Penal Code defines "indictment" to include "information." MCL 750.10; MSA 28.200.

Furthermore, in *People v Bellanca,* 386 Mich 708, 715; 194 NW2d 863 (1972), our Supreme Court held, on the basis of constitutional concerns, that a person accused of a crime by a grand jury has the

right to grand jury testimony touching on the defendant's guilt or innocence of the crime charged. The Court concluded that a defendant who did not have access to grand jury testimony that was relevant to the defendant's guilt or innocence would be denied effective assistance of counsel and the right to be prepared for cross-examination of witnesses. *Id.* at 714. Likewise, in this case, defendants would be denied the above constitutional rights if the relevant grand jury testimony was unavailable to them. Those rights are guaranteed to those who stand accused, either by indictment or information. Accord *People v Wimberly*, 384 Mich 62, 65; 179 NW2d 623 (1970) (because our Supreme Court favors "the broadest form of discovery" in both criminal and civil trials, the prosecutor has a duty to produce "all" the evidence relevant to the defendant's guilt or innocence).

Affirmed.