*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ORTIZ-KEHOE.

JOHN ORTIZ-KEHOE,

Plaintiff,

v

CLINTON CIRCUIT COURT JUDGE,

Defendant.

UNPUBLISHED
April 29, 2021

No. 351849
Clinton Circuit Court
LC No. 95-007544-CZ

Before: JANSEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Plaintiff, John Ortiz-Kehoe, filed this original action in this Court for a writ of superintending control to compel defendant, Clinton Circuit Court Chief Judge Lisa Sullivan, to release grand-jury records relating to his 1997 conviction of first-degree murder, MCL 750.316, for the death of Rose Marie Larner. Because plaintiff has failed to show that he filed his request for the grand-jury records within a reasonable time, we deny plaintiff's request for a writ of superintending control.

Larner was reported missing in December 1993. In April 1996, this Court ordered that a multicounty grand jury be convened to investigate, in part, any crimes related to Larner's disappearance. The grand jury was convened in Clinton County. In August 1996, plaintiff was charged with first-degree murder in connection with Larner's death. At a trial in Calhoun County in 1997, a jury found plaintiff guilty of that offense, and the court thereafter sentenced plaintiff to life imprisonment without parole. On direct appeal, this Court affirmed plaintiff's conviction and sentence, and the Michigan Supreme Court denied his application for leave to appeal. *People v Ortiz-Kehoe*, 237 Mich App 508, 510; 603 NW2d 802 (1999), lv den 461 Mich 957 (2000).

Plaintiff acknowledges that, before his trial, a witness, Tara Dodge, told him that approximately 30 individuals had testified before the grand jury. On December 27, 1996, Clinton Circuit Court Judge Jeffrey Martlew granted a request that transcripts of the testimony of 11 grand-

jury witnesses be released to Calhoun Circuit Court Judge Stephen B. Miller for *in camera* review with respect to plaintiff's murder trial. After reviewing the testimony, Judge Miller ordered that transcripts of nine grand-jury witnesses be provided to plaintiff in connection with the Larner murder trial. The transcript of an additional witness was provided at the time of trial. Plaintiff does not contend, and there is no indication in the record, that plaintiff ever requested before trial that any additional grand-jury records be produced. Likewise, plaintiff never argued in his direct appeal that he had not been furnished with any grand-jury records that he was entitled to receive.

In 2016, plaintiff began a quest to obtain all grand-jury records related to Larner's disappearance and death. Plaintiff asserts that these efforts were prompted by his discovery that another witness, Gerardo Gonzalez, Jr., whose grand-jury testimony plaintiff never received, had testified before the grand jury. Gonzalez averred in an affidavit that he had been questioned about plaintiff, and that his attorney had informed him that he was the last of 27 witnesses to testify. However, Gonzalez did not state what he was asked during the grand-jury proceedings. After receiving this information, plaintiff made repeated attempts to obtain information from a number of trial courts, this Court, and the Michigan Supreme Court. In April 2019, plaintiff filed a motion in the Clinton Circuit Court for production of the grand-jury records, which was referred to defendant. Because there was no pending case in the Clinton Circuit Court relating to plaintiff's conviction in Calhoun County, defendant treated the motion as an administrative request and denied the request in a letter dated April 24, 2019, reasoning that only the presiding judge in plaintiff's criminal case or any postconviction proceeding could authorize access to the grand-jury records. After additional attempts to obtain the grand-jury records were unsuccessful, plaintiff again wrote to defendant, as the Chief Judge of the Clinton Circuit Court, to request the grand-jury record. Defendant again denied the request in a letter dated November 26, 2019, referring to her earlier reasons as stated in her April 24, 2019 letter. However, defendant also advised plaintiff that he was not precluded from "seeking relief by way of filing an action for superintending control in the [Court of Appeals]."

On December 6 , 2019, plaintiff filed a complaint in this Court for a writ of superintending control to compel defendant to produce the grand-jury records. This Court granted the complaint and directed the parties to "proceed to a full hearing on the merits in the same manner as an appeal of right." *In re Ortiz-Kehoe*, unpublished order of the Court of Appeals, entered February 27, 2020 (Docket No. 351849).

As explained in *In re Credit Acceptance Corp*, 273 Mich App 594, 598; 733 NW2d 65 (2007),

> [s]uperintending control is an extraordinary remedy generally limited to determining whether a lower court exceeded its jurisdiction, acted in a manner inconsistent with its jurisdiction, or failed to proceed according to law. *Dep't of Public Health v Rivergate Manor*, 452 Mich 495, 500; 550 NW2d 515 (1996); *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 346-347; 675 NW2d 271 (2003). Superintending control is the proper method to challenge the general practices of an inferior court. *In re Lafayette Towers*, 200 Mich App 269, 272; 503 NW2d 740 (1993). For superintending control to lie, the plaintiff must establish that the defendant has failed to perform a clear legal duty

and that plaintiff is otherwise without an adequate legal remedy. MCR 3.302(B); *In re Gosnell*, 234 Mich App 326, 341; 594 NW2d 90 (1999).

Preliminarily, plaintiff takes exception to the fact that defendant denied his request for the grand-jury records in a letter, as opposed to an order or a judgment. Plaintiff asks this Court to remand this case and direct defendant to issue a judgment, which plaintiff would then be able to appeal to this Court. However, by virtue of this Court's order granting plaintiff's complaint for superintending control, plaintiff has been afforded the opportunity to argue the merits of his position "in the same manner as an appeal of right." Therefore, it is unnecessary to remand this case to again provide plaintiff with this same opportunity.

With respect to the substance of plaintiff's complaint, in *People v Bellanca*, 386 Mich 708, 715; 194 NW2d 863, 865 (1972), our Supreme Court held "that a person accused of a crime by any grand jury has the right to a transcript of his testimony and such parts of the record, including the testimony of other witnesses before the grand jury touching on the issue of his guilt or innocence of the crime charged." To implement the procedure for obtaining grand-jury material, the Supreme Court adopted former GCR 787, the forerunner of current MCR 6.107, which governs records in grand-jury proceedings. The general legal principle underpinning MCR 6.107 is set forth in Subrule (A), which provides:

> Whenever an indictment is returned by a grand jury or a grand juror, the person accused in the indictment is entitled to the part of the record, including a transcript of the part of the testimony of all witnesses appearing before the grand jury or grand juror, that touches on the guilt or innocence of the accused of the charge contained in the indictment.

The court rule refers only to the "indictment" by a grand jury or juror. However, in *People v Fagan (On Remand)*, 213 Mich App 67, 69-70; 540 NW2d 296 (1995), this Court held that an individual who stands accused by a grand jury of having committed a crime, either by indictment or information, has a constitutional right to grand-jury testimony touching upon the accused's guilt or innocence. In *Fagan*, this Court cited MCL 767.2, which provides that "[a]ll provisions of the law applying to prosecutions upon indictments . . . shall, in the same manner and to the same extent as near as may be, be applied to informations and all prosecutions and proceedings thereon." *Fagan*, 213 Mich App at 69. In addition, the Code of Criminal Procedure, MCL 760.1 *et seq.*, provides:

> All provisions of the law applying to prosecutions upon indictments, to writs and process therein and the issuing and service thereof, to commitments, bail, motions, pleadings, trials, appeals and punishments, or the execution of any sentence, and to all other proceedings in cases of indictments whether in the court of original or appellate jurisdiction, shall, in the same manner and to the same extent as near as may be, be applied to informations and all prosecutions and proceedings thereon. [MCL 767.2.]

See also MCL 750.10 (defining "indictment" to include a "complaint, warrant and any other formal written accusation").

The procedure to be followed by an accused seeking grand-jury records is set forth in MCR 6.107(B), which provides:

>    (1) To obtain the part of the record and transcripts specified in subrule (A), a *motion must be addressed to the chief judge of the circuit court in the county in which the grand jury issuing the indictment was convened*.

>    (2) The motion must be filed within 14 days after arraignment on the indictment *or at a reasonable time thereafter* as the court may permit *on a showing of good cause and a finding that the interests of justice will be served*.

>    (3) On receipt of the motion, the chief judge shall order the *entire record and transcript of testimo*ny taken before the grand jury to be delivered to the chief judge by the person having custody of it for an in-camera inspection by the chief judge.

>    (4) Following the in-camera inspection, the chief judge shall certify the parts of the record, including the testimony of all grand jury witnesses that touches on the guilt or innocence of the accused, as being all of the evidence bearing on that issue contained in the record, and have two copies of it prepared, one to be delivered to the attorney for the accused, or to the accused if not represented by an attorney, and one to the attorney charged with the responsibility for prosecuting the indictment.

>    (5) The chief judge shall then have the record and transcript of all testimony of grand jury witnesses returned to the person from whom it was received for disposition according to law.  [Emphasis added.]

We agree with plaintiff that defendant erred insofar that she stated that access to grand-jury material "can only be granted by the judge presiding in the criminal case at trial or in post-conviction proceedings."  MCR 6.107(B)(1) states that a motion seeking such records "must be addressed to the chief judge of the circuit court in the county in which the grand jury issuing the indictment was convened."

In this case, although plaintiff's criminal trial was held in Calhoun County, the grand jury was convened in Clinton County.  Therefore, defendant incorrectly told plaintiff in her April 24, 2019 letter that she could not furnish the records, and that plaintiff would have to instead seek the records from the Calhoun Circuit Court because "such access can only be granted by the judge presiding in the criminal case at trial or in post-conviction proceedings."

To be entitled to a writ of superintending control, however, plaintiff must still establish that defendant had a "clear legal duty" to furnish the records.  MCL 6.107(B)(2) provides that a motion requesting grand-jury records must be filed "within 14 days after arraignment or at a reasonable time thereafter as the court may permit on a showing of good cause and a finding that the interests of justice will be served."  Plaintiff's motion, filed in April 2019, more than 20 years after his *conviction*, clearly does not satisfy the 14-day requirement.  Thus, plaintiff must establish that he

requested the records within a reasonable time upon a showing of good cause and that the interests of justice would be served by providing him with the records.

Plaintiff states that he demonstrated good cause because he needs the grand-jury records in order to prepare a motion for relief from judgment. Even if such a reason could support a finding of good cause for the request, it does not alone demonstrate that plaintiff made his request within a reasonable time. While plaintiff claims to be seeking records of additional testimony that he and his attorney did not receive at the time of his trial, plaintiff concedes that he knew before trial that approximately 30 witnesses had testified at the grand-jury proceedings, and that he was provided with transcripts of only nine grand-jury witnesses before trial, and an additional transcript of another witness during trial. Plaintiff admits in his brief that shortly after he was arraigned in August 1996, Dodge informed him that she was one of approximately 30 witnesses who testified before the grand jury. Thus, plaintiff knew before his trial that he had not received transcripts for all of the witnesses who supposedly testified before the grand jury. He never sought the production of additional grand-jury records or transcripts before trial, and he never argued in his direct appeal that he was improperly denied additional grand-jury records. It was not until approximately 20 years later plaintiff began his quest to obtain additional grand-jury records.

Plaintiff asserts that he discovered in July 2016 that a witness whose grand-jury testimony he never received, Gerardo Gonzalez, Jr., had in fact testified before his grand jury and was questioned about Larner's death, and that Gonzalez's attorney had told Gonzalez that he was one of 27 people to testify. However, plaintiff's own admissions establish that he had information before his trial that additional grand-jury records might exist, and he never requested or argued that he was entitled to any additional records. Under these circumstances, because of this earlier knowledge, plaintiff cannot establish that his efforts to obtain the records, beginning in 2016, were made within a reasonable time. Accordingly, defendant does not have a clear legal duty to provide the records. Therefore, we deny plaintiff's request for a writ of superintending control to compel production of the records.

Plaintiff's request for a writ of superintending control is denied.

/s/ Kathleen Jansen
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola